# Hart. v. Adler.

## Statutory Action of Ejectment.

1. *Mortgage securing commercial paper; protection of bona fide holder.*
A *bona fide* holder of commercial paper which is secured by a mort-
gage on real estate is entitled to the same protection in reference to
the mortgage, as against subsequent transactions between the mort-
gagor and mortgagee, to which he is entitled in reference to the notes
themselves.

2. *Acquiring commercial paper on usurious consideration; person so*

[Hart v. Adler.]

*acquiring not bona fide holder.*—The holder of commercial paper, acquiring it on a usurious consideration, is not a *bona fide* holder, and is not protected against the infirmities of the paper, nor against transactions between the makers or indorsers and third persons, dealing with them without notice, in good faith, on a valuable consideration.

3. *Same; when holder of mortgage securing commercial paper not entitled to protection as bona fide purchaser.*—P. released a mortgage given on real estate to secure commercial notes payable to him, thereby inducing M., on a present consideration, to accept a mortgage on the same land. Subsequently P. pledged said notes, and delivered the mortgage given to secure them, to S. as collateral security for a loan infected with usury, S. having no notice of the release of the mortgage. On foreclosure of this mortgage by S. the land was purchased by the plaintiff, who knew of the usury in the transaction by which S. acquired the notes and mortgage. *Held*, that the plaintiff was not entitled to protection as a *bona fide* purchaser, as against a purchaser under a foreclosure of the mortgage to M.

APPEAL from the City Court of Birmingham.

Tried before the Hon. WM. W. WILKERSON.

This was a statutory action of ejectment by Sidney Hart, the appellant, against Issac Adler, the appellee. Both parties claimed title from a common source, one T. W. Walker. Said Walker executed a mortgage to one Perryman, to secure certain promissory notes. Perryman borrowed money from Jonas Schwab, and, as collateral security for the payment of said loan, transferred, by indorsement, to said Schwab several of the notes executed by Walker, and at the same time delivered to Schwab the mortgage securing said notes. This loan by Schwab to Perryman was at a usurious rate of interest, but Schwab had no notice, knowledge, or information that there was any infirmity in the notes or mortgage, or any defense against them. The plaintiff was the purchaser at a sale under a foreclosure of this mortgage. The defendant claims title under a subsequent mortgage executed by said T. W. Walker to W. S. McConnell, by whom it was transferred to the defendant, which mortgage was foreclosed by the defendant, he himself becoming the purchaser at the mortgage sale. The evidence for the defendant showed that, prior to Perryman's transfer of his notes and mortgage to Schwab, be executed a release of his mortgage, for a valuable consideration, to said McConnell. The cause was tried by the court without the intervention of a jury, and judgment was rendered for the defendant.

[Hart v. Adler.]

The plaintiff excepted to this action of the court, and appeals from said judgment.

H. P. HEFLIN and HOUGHTON & COLLIER, for appellant, cited *Pond v. Lockwood*, 8 Ala. 669 ; *Miller v. Boykin*, 70 Ala. 469 ; *Wildsmith v. Tracy*, 80 Ala. 258 ; *Capital City Ins. Co. v. Quinn*, 73 Ala. 558; *Hawley v. Bibb*, 69 Ala. 52 ; 15 Am. & Eng. Encyc. of Law, 855 ; *Harris v. Miller*, 71 Ala. 26; *Childers v. Monette*, 54 Ala. 317 ; *Loucheim v. Bank of Talladega*, 98 Ala.521 ; *Harris v. Russell*, 93 Ala. 59.

CABANISS & WEAKLEY, *contra*. cited *Wailes v. Couch*, 75 Ala. 134 ; *McCall v. Rogers*, 77 Ala. 352 ; *Smith v. Lehman, Durr & Co.*, 85 Ala. 394 ; *Saltmarsh v. Tuthill*, 13 Ala. 390 ; *Ramsdell v. Morgan*, 16 Wend. 574 ; *Bell v. Lent*, 24 Wend, 230.

BRICKELL, C. J.—As is very properly stated in the argument of the counsel for appellants, the main, controlling points of contention in the case, are, whether Schwab, having acquired the note of Walker, from Perryman, the payee, as collateral security for a loan of money on a usurious consideration, is entitled to protection as a *bona fide* holder, against the transactions between Walker and Perryman, by which the mortgage was released, and a subsequent purchaser, without notice, on a valuable consideration, acquired the legal estate? And, whether in any event, there was a valid foreclosure by the sale, at which the appellant became the purchaser, and from which he deduces title to the premises in controversy?

The notes made by Walker to Perryman have all the  elements of commercial paper, and if Schwab was a *bona fide* holder he would have taken the mortgage for the security of their payment as the incident of the notes, and would have been entitled to the same protection in reference to it, as against the subsequent transactions between the mortgagor and the mortgagee, to which he was entitled in reference to the notes themselves. *Hawley v. Bibb*, 69 Ala. 52. There is no room for contention in reference to the transaction between Schwab and Perryman. It was held in *Capital City Ins. Co. v. Quinn*, 73 Ala. 558, that commercial paper may be bought and

[Hart v. Adler.]

sold in the market like any other chattel, at its real or supposed value, and that the transfer of such paper at a discount beyond the legal rate of interest is not usurious, although the holder may endorse it, unless the tranaction was a mere device to the evade the statute against usury. Here there was no discount or purchase of the notes intended by either party. They were simply pledged as collateral security for a loan infected with usury. The doctrine is well settled in this court that the holder of commercial paper, acquiring it on a usurious consideration, is not a *bona fide* holder; is not protected against the infirmities of the paper, nor against transactions between the makers or endorsers with third persons, dealing with them without notice, in good faith, on a valuable consideration.—*Saltmarsh v. Tuthill*, 13 Ala. 390; *Carlisle v. Hill*, 16 Ala. 398; *Smith v. Lehman, Durr & Co.*, 85 Ala. 394. In *Saltmarsh v. Tuthill, supra*, the court quotes the terse sentence in the opinion of Cowen, J., in *Ramsdell v. Morgan*, 16 Wend. 574: "There is a solecism on the face of the expression, a *bona fide* purchaser on usury." In *McCall v. Rogers*, 77 Ala. 349, it is said: "A contract based on a consideration which is against the pronounced policy of the law has an element of *mala fides* in it."

The evidence is without conflict that at and prior to his purchase at the sale by Schwab, under the mortgage, the appellant was fully cognizant of the usury infecting the transaction by which Schwab acquired the notes and claimed the mortgage. And it is also without conflict that, prior to the endorsement of the notes to Schwab, Perryman had released the mortgage, inducing McConnell, on a present consideration, to accept a mortgage of the premises from Walker, under which appellee became the purchaser of the premises, and entered into possession. This state of facts required the judgment the city court rendered. It is not thought necessary or proper to decide the other question touching the validity of the foreclosure sale, at which the appellant became the purchaser. A decision of that question in accordance with his contention would be unavailing to him.

Let the judgment be affirmed.