# Evans, *et al. v.* Faircloth-Byrd Mer. Co.

### *Bill to Foreclose Mortgage.*

(Decided Feb. 10, 1910.—51 South. 785.)

1. *Husband and Wife; Wife as Surety for Husband; Validity of Conveyance.*—A mortgage on the wife's land to secure the husband's debts is void under section 4497, Code 1907, and the wife's failure to take steps to set it aside, or her ratification of it, could not impart validity to it.

2. *Same; Effect of Subsequent Mortgage.*—Where a married woman gave a mortgage to secure her husband's debt and subsequently gave a mortgage conveying the property with covenants of warranty as to title and against encumbrances, the subsequent mortgage was a repudiation by her of the first mortgage.

3. *Same; Avoidance by Third Person; Right of Mortgagee.*— Where a complainant was brought into privity with the mortgagor through its assignor by receiving a deed of morgage from the wife, it was entitled to all the interest which the wife had the power to convey in the land, and for the protection of its title, was entitled to raise the question of the invalidity of the previous mortgage, and to have it declared such in order that on foreclosure the entire land might be subjected to its mortgage.

4. *Limitation of Action; Personal Defense; Waiver.*—The statute of limitations is a defense personal to the debtor and may be wiaved by him.

APPEAL from Geneva Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by The Faircloth-Byrd Mercantile Comapny to have a mortgage executed to it by Mrs. Evans foreclosed, and to declare a previous mortgage executed by Evan's wife on the same land, void as security for the husband's debt. From a decree overruling demurrer to the bill, the respondents appeal. Affirmed.

W. O. MULKY, for appellant.—The object of the statute is to secure a married woman in her property against the inducements of her husband or of his creditors seeking to have her become his surety, and this

[Evans, et al. v. Faircloth-Byrd Mer. Co.]

exception to her general power to contract has its origin in the idea of economy, and not of moral or public policy. She can sell her property for the payment of his debts, and the grantee acquired a good title.— *Hubbell v. Sayre,* 105 Ala. 440. So, the wife's suretyship can be enforced against her in the hands of a purchaser for value.—*Scott v. Taull,* 115 Ala. 529; *Hanover Nat. Bank v. Johnson,* 90 Ala. 549. Hence, it must be conceded that the mortgage is voidable and not void. The foreclosure sought against the other defendants would certainly not give the court jurisdiction against the Citizens Bank, and it is nowise responsible for the necessity of foreclosure, is not a party to the transaction, holds its mortgage independently of all, and has a right to insist upon any defense that it could insist upon had the bill been filed against it alone.

C. D. CARMICHAEL, for appellee.—Under the statute the mortgage by the wife to the Citizens Bank is absolutely void, and this may be set up by the wife or by her assigns or anyone connecting his title or right with that of the wife.—*Hawkins v. Ross,* 100 Ala. 459; *Tansden v. Boone,* 90 Ala. 447; *Hurd v. Hicks,* 82 Ala. 484; *Richardson v. Stevens,* 114 Ala. 238; s. c. 122 Ala. 301; see also *Giddens v. Powell,* 108 Ala. 621; 137 Ala. 135; 127 Ala. 251.

SIMPSON, J.—The bill by the appellee seeks to foreclose a mortgage, executed on January 4, 1908, by appellant M. A. Evans and her husband, one of the other appellants, and also prays that a mortgage executed by said respondents M. A. and R. C. J. Evans, on November 14, 1907, to the Citizens' Bank of Geneva, another respondent, be declared null and void as to the land conveyed by the mortgage to complainant, on the

ground that said M. A. Evans, at the time of the execution of said mortgage, was a married woman, owning said property as a part of her separate estate under the laws of Alabama, and the same was given as security for her husband's debt. This appeal is from the decree overruling the demurrer to the bill.

The contention of the appellant is that no one can raise the point of the invalidity of a mortgage by a married woman, on the ground stated, except herself. Our statute does not merely confer on the wife the right to plead her coverture to such conveyances, but provides that "the wife shall not, directly, or indirectly, become the surety for the husband."—Code 1907, § 4497. If she is absolutely prohibited from making such an instrument, it necessarily follows that any attempt to do so is not merely voidable, but void. If so, it is difficult to see how her failure to take any steps to set aside the instrument, or even her ratification of it, could rise above the instrument itself and impart validity to it. This court has frequently declared all such attempts to be void. They were so declared, under the former statute, in the case of *Lansden v. Boone,* 90 Ala. 446, 8 South. 65, in favor of the heirs of the wife; the court saying: "To require them to show in their bill that the debt has been paid, or to aver a willingness to pay it, would be, in effect, to give validity to a mortgage of the wife's land, executed to secure the husband's debt, in the teeth of the very numerous decisions of this court * * * to the effect that such instruments are absolutely void as conveyances of the wife's land." In a later case, when it was first before this court, it was declared that the legal title passed by such mortgage (*Richardson v. Stephens,* 114 Ala. 238, 21 South. 949), leaving the wife only an equity; but on the second appeal that expression was corrected, and the court de-

clared distinctly (calling attention ·to the wording of the former and present statutes) that the mortgage was absolutely void, and that "the mortgage, being void, conferred no rights upon the mortgagee."—*Richardson v. Stephens,* 122 Ala. 306, 25 South. 39.

The case of *Scott v. Tual* 115 Ala. 529, 22 South. 447, is based upon the principles of the commercial law with regard to negotiable instruments, and is not applicable to ·the case now under consideration. Besides the fact that the case of *Johnson v. Jouchert,* 124 Ind. 105, 24 N. E. 580, 8 L. R. A. 795, is based on a statute declaring the contract "void as to her," its arguments are not sufficient to induce this court to adopt its conclusions, contrary to our own policy, as shown in our statutes and decisions.

Moreover the execution of the mortgage to the complainant's assignor was a repudiation of the previous mortgage. It conveys the property with covenants ·of warranty as to the title and against incumbrances. The complainant, through its assignor being brought into the privity with M. A. Evans, by receiving such deed from her, is entitled to all the interest which she had the power to convey in said land, and for the protection of its title has the right to raise the question of the invalidity of the previous mortgage, and to have the same declared in this proceeding, in order that, in the foreclosure sale, the entire land may be subjected to the mortgage.—Story's Eq. Pl. (10th Ed.) § 193, and note "a," on page 194; 1 Jones on Mortgages (6th Ed.) § 1441; *Well's, Adm'r, v. Amer. Mortgage Co.,* 109 Ala. 431, 440, 20 South. 136; *Foster v. Johnson,* 44 Minn. 290, 292, 46 N. W. 350; *First Nat. Bank v. Salem Capital F. M. Co.,* (C. C.) 31 Fed. 580, 593.

Even as to the statute of limitations, which is a personal defense, which may be waived by the original

debtor, it is said: "Where he (the mortgagor) has parted with his interest in the property, his grantees, mortgagees, or other persons standing in his place are entitled to avail themselves of the advantages of this plea."—Wood on Limitations (3d Ed.) p. 100. § 41. "One who purchases land covered by a mortgage acquires such a privity of relationship to the debtor as to entitle him to plead the statute against the mortgagee, so far as the subjection of the land itself is sought, whether the mortgagor pleads it, or omits to plead it, or even where he expressly declines to plead it."—19 Am. & Eng. Ency. Law, p. 184, and notes. See, also, 25 Cyc. pp. 1005, 1006, 1009; *Grattan v. Wiggins,* 23 Cal. 16, 25; *Day v. Baldwin,* 34 Iowa, 380, 384; *Harper v. Raisin Fertilizer Co.,* 158 Ala. 329, 48 South. 589, 591; *Lord v. Morris,* 18 Cal. 483, 491; *Coster v. Brown,* 23 Cal. 143.

We hold that the mortgage of M. A. Evans to the Citizens' Bank, if made as alleged, as the surety for her husband's debt, was absolutely void, and conveyed no property, title, or interest to said mortgagee, and the junior mortgagee has a right to have it declared void, in the interest of his title, to subject the land to the payment of his mortgage, free of any prior incumbrance. There was no error in overruling the demurrers to the bill.

The decree of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.