(79 South. 377)

### BIRMINGHAM TRUST & SAVINGS CO. et al. v. HOWELL. (6 Div. 738.)

(Supreme Court of Alabama. May 30, 1918.)

1. BILLS AND NOTES ⬅➡366—BONA FIDE PURCHASER—WIFE'S NOTE FOR HUSBAND'S DEBT.

A wife who has executed jointly with her husband a negotiable note secured by mortgage on her separate estate cannot avoid the note and mortgage as against a transferee who is a holder in due course, as defined by Code 1907, § 5007, by invoking section 4497, as to wife's becoming surety for her husband.

2. HUSBAND AND WIFE ⬅➡171(4) — JOINT SURETYSHIP—BURDEN OF PROOF.

A joint undertaking by husband and wife imports, prima facie, a joint obligation, as to which the burden is on the wife to show that the obligation was exclusively her husband's.

3. BILLS AND NOTES ⬅➡341—NOTICE TO PURCHASER.

Knowledge by a transferee of a joint note that the makers are husband and wife, and that the property mortgaged as security belongs to the wife, does not, by putting him on notice that the wife is but a surety for her husband, affect his defense that he is a holder in due course.

4. MORTGAGES ⬅➡153—BONA FIDE PURCHASER OF NOTE SECURED BY MORTGAGE.

A mortgage securing a note in the hands of a bona fide purchaser has the same protection from equitable defenses of the maker as the note; the mortgage being a mere incident of the note.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Fannie J. Howell against the Birmingham Trust & Savings Company and others, to cancel a note and mortgage because given for the debt of the husband. From decree for complainant, respondents appeal. Reversed, rendered, and remanded.

Fannie J. Howell and husband jointly executed a mortgage and note to the Alabama Penny Savings Bank, which was transferred by it to the Birmingham Trust & Savings Bank. The bill shows that the note and mortgage in question were given as security for the debt of complainant's husband. Respondent demurred to the bill, which demurrers were overruled, whereupon it filed its answer and cross-bill, alleging that it purchased said note and mortgage before maturity for value, without notice of any defenses against them, and is a holder in due course

of said note which is a negotiable instrument. The demurrer was sustained to the cross-bill, and an amended answer was filed, setting up the defense of bona fide purchaser for value, and holder of the note in due course. The evidence supported the allegations of the bill, and also established the defense set up in the answer.

Smyer & Smith, of Birmingham, for appellants. C. B. Powell, of Birmingham, for appellee.

SOMERVILLE, J. [1] The single question presented by the appeal is whether a wife who has executed jointly with her husband a negotiable note, secured by a mortgage on her separate estate, can avoid the note and mortgage as against a transferee who is a holder of the note in due course, as defined by section 5007 of the Code. Our cases have uniformly declared that such attempted obligations and conveyances by the wife are void, being incapable of ratification (without a new and valid consideration), and requiring no act of disaffirmance to avoid them. Code, § 4498; Union, etc., Bank v. Hartwell, 84 Ala. 379, 4 South. 156; Richardson v. Stephens, 122 Ala. 301, 25 South. 39; Evans v. Faircloth, 165 Ala. 178, 51 South. 785, 21 Ann. Cas. 1164; Trotter v. Downs, 75 South. 906.[1] None of these cases, however, involves the rights of a holder of negotiable securities in due course, by transfer from the original payee. What they hold is that such obligations by the wife are void, considered without reference to the principles of the law merchant. In the case of Scott v. Taul, 115 Ala. 529, 22 South. 447, the identical question here raised was presented and decided. The court there said:

"The note in the complaint, having been made payable at a bank, was governed by the commercial law. The purchaser of such a paper, in the usual course of business, before its maturity, for a valuable consideration, having no notice of defenses that existed between the original parties, or have subsequently arisen, as we have frequently held, is a bona fide holder for value, and as such takes the instrument freed from defenses which were available between the original parties."

This decision has never been questioned, so far as we are advised, but, on the contrary, upon very deliberate consideration, its principle has been recently approved and reaffirmed. Davies v. Simpson, 79 South. 48.[2] Although the result may be a material emasculation of the statute prohibiting suretyship by the wife for the husband's debt (Code, § 4497), and although that decision may be technically inconsistent with the established theory that the wife's contracts of suretyship are per se void, we nevertheless feel bound to adhere to the principle declared in Scott v. Taul. See; also, 8 C. J. 774, and note 81.

[2, 3] A joint undertaking by husband and wife imports, prima facie, a joint obligation; as to which the burden is on the wife to show that the obligation was exclusively her husband's. Gafford v. Speaker, 125 Ala. 498, 27 South. 1003; Sample v. Guyer, 143 Ala. 613, 42 South. 106; Lamkin v. Lovell, 176 Ala. 334, 58 South. 258. It follows that knowledge by a transferee of the fact that the joint makers of a negotiable note are husband and wife, and that the property conveyed by the mortgage security is the property of the wife, does not put him on notice that the wife is but a surety, and hence does not affect the defense of holder in due course.

[4] It remains only to determine whether the mortgage security stands with the note, or whether it can be separately avoided by the wife. This question was fully concluded against her by the case of Thompson v. Maddux, 117 Ala. 468, 23 South. 157, where it is said that "a mortgage to secure such a note follows, and is of the same character as, the note it secures in this respect"; and it is thus specifically ruled in Davies v. Simpson, supra.

It results that the trial court erred in sustaining the demurrer to the cross-bill and in decreeing relief under the original bill.

Those decrees will be reversed, a decree will be here rendered, overruling the demurrer to the cross-bill, and the cause will be remanded for further proceedings.

Reversed, rendered, and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.