(86 South. 399)

FORTSON et al. v. BISHOP. (8 Div. 130.)

(Supreme Court of Alabama. Oct. 14, 1920.)

**I. Mortgages ⬳362, 369(2)—Mortgagor entitled to disaffirm foreclosure, as mortgagee was not authorized to purchase.**

Where a mortgage did not authorize the mortgagee or his assignee to purchase at foreclosure sale, the mortgagor is entitled to disaffirm sale on foreclosure in case of the mortgagee or assignee's purchase, and to redeem, as mortgagee could not purchase without such authorization.

**2. Mortgages ⬳600(1)—Purchaser entitled to reduction on foreclosure of mortgage because of outstanding title.**

Where land sold with covenant of warranty pursuant to Code 1907, § 3421, was subject to an outstanding mortgage given by the grantor, the grantee, on disaffirmance of foreclosure by the grantor of a purchase-money mortgage, is entitled to a reduction in the amount necessary

to effect a redemption equal to the damage for breach of the covenant.

**3. Mortgages ⬅⟹258—Rights of bona fide purchaser of note secured by mortgage stated.**

A mortgage securing a note is a mere incident thereto, and when the note passes into the hands of a bona fide purchaser the mortgage is impressed with the same character and quality of right that the purchaser may assert in an action on the note.

**4. Bills and notes ⬅⟹350—Purchaser after maturity takes title of previous party.**

Where a note prior to maturity was assigned to two different persons, and after maturity it was transferred to appellant for value, appellant's rights to the note are under Code 1907, § 5013, to be measured by the rights of his assignor.

**5. Bills and notes ⬅⟹358—Person taking note as collateral security for pre-existing debt is a bona fide holder.**

Though the holder of a note secured by a mortgage acquired same merely as collateral security for pre-existing debt, yet, where neither the holder nor his predecessor was party to any fraud or illegality affecting the instrument within Code 1907, § 5013, and neither had knowledge of any defect in title, and there was nothing on the face of the instrument to indicate such defect within sections 5010-5012, the holder was a bona fide holder in due course.

**6. Mortgages ⬅⟹258—Rights under mortgage securing note are to be measured by Negotiable Instruments Law.**

Where land subject to a pre-existing mortgage was sold with the statutory warranty provided by Code 1907, § 3421, so that the covenant was breached when made, a mortgage, securing a note for the purchase money, may, where the note has been transferred to a bona fide holder for value without notice, be enforced as against the purchaser without reduction, regardless of the recordation of the pre-existing mortgage pursuant to sections 3367 et seq.; the rights of the parties in such case being measured by the Negotiable Instruments Act, and not the recording acts.

Appeal from Circuit Court, Jackson County; W. W. Harral, Judge.

Bill by J. B. Bishop against W. S. Fortson and others to set aside a sale of land under mortgage foreclosure, to redeem, and for other relief. From a decree for complainant respondents appeal. Reversed and remanded.

Street & Bradford, of Guntersville, for appellants.

The court erred in decreeing that the complainant was entitled to credit for the amount due on the Pope mortgage, as there was no legal evidence that there was such a mortgage. 81 Ala. 378, 2 South. 281; 108 Ala. 561, 18 South. 561. It does not appear that complainant had paid off the outstanding incumbrance, or that it had ever disturb-

ed his possession, and had never been asserted against him in a hostile manner. 7 Ala. 484; 9 Ala. 179; 125 Ala. 504, 27 South. 1003; 191 Ala. 419, 67 South. 582; 195 Ala. 219, 70 South. 179. Appellants were bona fide purchasers, and protected as against the Pope mortgage. Sections 4982, 4989, 5000, 5007, and 5014, Code 1907; 200 Ala. 351, 76 South. 117; 185 Ala. 221, 64 South. 82. Interest is not stopped until a legal tender is made. 27 Cyc. 1830.

W. H. Norwood and John F. Proctor, both of Scottsboro, for appellee.

A tender before bill filed is not necessary in cases of this character, where complainant offers to do and perform all things required of him by the court. 114 Ala. 5, 22 South. 71; 92 Ala. 163, 9 South. 143, 13 L. R. A. 299; 89 Ala. 488, 7 South. 734; 84 Ala. 302, 4 South. 270. W. S. Fortson is the only respondent setting up bona fide purchase for value in due course without notice, and he failed utterly in his proof to support his defense. 139 Ala. 293, 35 South. 877; 106 Ala. 434, 17 South. 667; 94 Ala. 578, 10 South. 535; 75 Ala. 400; 9 Ala. App. 352, 63 South. 741.

McCLELLAN, J. [1] Bishop, the appellee, filed this bill against W. S. Fortson, Bank of Albertville, J. R. Sherman, and W. A. Fortson. Its object is to disaffirm foreclosure, under power of sale, of a mortgage executed, to secure balance of purchase money of the land described in the bill, by Bishop to W. A. Fortson and assigned through other respondents to appellant, and to redeem. The mortgage did not authorize the mortgagee or his assignee to purchase at the sale, and hence disaffirmance and redemption are the appellee's due. The decree correctly so concluded. The contested questions, touching the amount to be paid on redemption, presented by the assignments of error, arise out of the fact that at the time Bishop bought the land from W. A. Fortson and received his warranty deed there was an outstanding superior seasonably registered mortgage on a part of the land, executed by W. A. Fortson and wife to Mrs. P. F. Pope, securing a note for $450, with interest. Before the maturity of Bishop's note and mortgage to W. A. Fortson, he assigned this negotiable note, secured by the mortgage, to the Bank of Albertville, the bank assigned to Sherman, and Sherman, after maturity, assigned to W. S. Fortson, appellant.

[2] The disaffirming redemptioner, under the thus re-established equity of redemption resulting from Bishop's mortgage to W. A. Fortson, invoked the court to so adjust, to toll, the amount necessary to effect such redemption by the amount necessary to satisfy the Pope mortgage—superior and outstanding

---

at the time Bishop purchased the land from W. A. Fortson—to which Bishop appears to have succeeded by a conditional assignment from Mrs. Pope. The basis of Bishop's claim is predicated of the breach of warranty in the deed (Code, § 3421) from W. A. Fortson to Bishop because of the outstanding, superior incumbrance imposed upon part of the land by the earlier mortgage executed to Mrs. Pope by W. A. Fortson, Bishop's grantor—a covenant that was breached as soon as made. 3 Mich. Dig. Ala. Rep. p. 780 et seq. Both W. A. Fortson and W. S. Fortson were alleged and proven to be insolvent. If the appellee's note and mortgage, under which the redemption is sought, had remained the property of the mortgagee, instead of being assigned, as stated, this appellant, Bishop, the redeeming mortgagor, would have been entitled to a reduction in the amount necessary to effect redemption to the extent of the amount of damages consequent upon the breach of W. A. Fortson's warranty, resulting from the fact that there was an outstanding, superior mortgage held by Mrs. Pope. Conner v. Smith, 88 Ala. 300, 310, 311, 7 South. 150. In the circumstances, the determinative question is whether the appellant was entitled to the protection the law accords a bona fide purchaser for value without notice.

[3] The Bishop note to W. A. Fortson was a negotiable instrument. The mortgage securing its payment was an incident to the note, and in the hands of an innocent purchaser was imprest with the same character and quality of right that a bona fide purchaser of the note could claim in an action at law upon the note. Thompson v. Maddux, 117 Ala. 468, 23 South. 157; Hart v. Adler, 109 Ala. 467, 19 South. 894; Davies v. Simpson, 201 Ala. 616, 79 South. 48; Birmingham Trust Co. v. Howell, 202 Ala. 39, 79 South. 377. Authorities to the contrary of the thus settled rule of this jurisdiction are noted at pages 1324, 1325 of 27 Cyc.

[4, 5] In the seventh paragraph of appellants' answer it is averred:

"That for a valuable consideration, and before maturity, it [i. e., the note and mortgage given by Bishop to W. A. Fortson] was assigned by the said W. A. Fortson to the Bank of Albertville," and "that for a valuable consideration, and before maturity, the Bank of Albertville assigned it to James R. Sherman, who thereafter assigned it for a valuable consideration, *but after maturity*, to this" appellant. (Italics supplied.)

Having taken the assignment *after maturity*, the appellant's right to the protection he asserts must be determined with reference to Sherman's character as a *holder in due course*, invested at the time the instrument was assigned to him (Sherman) by the bank with the right attaching to a holder in due course. Code, § 5013. It was not averred or shown that appellant or Sherman or the bank was a party "to any fraud or illegality affecting the instrument," within the purview of Code, § 5013. Brannan's Uniform Negotiable Instruments Law, pp. 204 et seq., and notes.

It appears that the assignment of the note and mortgage to Sherman was effected before maturity. The taking by Sherman of the note and mortgage as only collateral security for a pre-existing debt due him from W. A. Fortson, the mortgagee, did not operate to prevent Sherman from being a holder in due course. Vogler v. Manson, 200 Ala. 351, 76 South. 117, citing governing provisions of the Uniform Negotiable Instruments Law. If Sherman became a holder in due course, invested with the right to the protection the law accords to a bona fide purchaser, the appellant became invested with the like rights, nothing being attributable to him to conclude against his succession to Sherman's rights in the premises. The Uniform Negotiable Instruments Law, Code of Alabama 1907, §§ 5010, 5011, 5012, provides:

"The title of a person who negotiates an instrument is defective within the meaning of this chapter when he obtained the instrument, or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud." Section 5010.

"To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith." Section 5011.

"A holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and the enforced payment of the instrument, for the full amount thereof against all parties liable thereon." Section 5012.

The evidence before this court does not even tend to establish either actual knowledge on the part of Sherman of a defect in the title of the instrument (note) when acquired by Sherman (27 Cyc. pp. 1324, 1325), or the presence at that time of any of the other conditions defined in Code, §§ 5010, 5011, which would or did preclude Sherman's becoming a *holder in due course*. In the circumstances shown by the record the burden of proof was imposed by the provisions of Code, § 5014, upon Bishop to refute the presumption the law now attaches to the conditions disclosed by this record.

[6] The fact that the superior, outstanding mortgage, executed by W. A. Fortson to Mrs. Pope, had been seasonably recorded at the time Bishop purchased the land from W. A. Fortson and received his warranty deed,

the statutory (Code, § 3421) covenant against incumbrances being breached when made, did not operate to characterize the title to the negotiable instrument, executed by Bishop to W. A. Fortson, and acquired by Sherman before maturity, as defective within the purview of the cited statutes. The mortgage being but an incident, attaching and attending rights created by or resulting from the negotiable character of the Bishop note, the rights of the parties were and are determinable and measurable with reference to the negotiable instrument, and not with qualifying reference to the law of mortgages, or to the effect, in other circumstances, that is consequent upon the seasonable registration (under Code, § 3367 et seq.) of such conveyances of real estate.

These considerations conduce to a conclusion at variance with that prevailing in the trial court. Its decree is affected with error with respect to its ascertainment of the amount necessary to effect redemption under the Bishop mortgage. The decree is reversed, and the cause is remanded for further proceedings in consonance with this opinion.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.