177 So. 136

## ARMOUR FERTILIZER WORKS v. ZILLS.

8 Div. 831.

Supreme Court of Alabama.

Nov. 18, 1937.

J. Foy Guin, of Russellville, for appellant.

H. H. Hamilton, of Russellville, for appellee.

FOSTER, Justice.

This is a bill in equity, filed by appellant to enforce an alleged vendor's lien.

McNair was the owner of the land and sold and conveyed it to appellee, Zills, for a consideration of $950, recited in the deed to be fully paid. It was not in fact all paid, but was subject to an agreement between the parties, whereby the purchaser assumed a mortgage of approximately $500, and transferred certain securities which were accepted as cash, and were paid later, and gave his note for a balance of $156, the subject of this suit.

The note was a negotiable instrument and made no reference to the nature of the consideration, or that it was for a balance of the purchase money of land. It was negotiated by indorsement without recourse to appellant before maturity, so as to constitute it a holder in due course.

The defense is that the vendor's lien was waived by him at the time of making the sale. That is disputed by appellant, in the first place, and in the second, in the alternative, that, if so, appellant is protected against such defense because it was a holder of the note in due course under the Negotiable Instruments Act (Code 1923, § 9029 et seq.).

The court decreed that appellant have a personal judgment for the amount of the note, without the security of the lien as claimed, and denied relief to that extent. From that decree the appeal is taken.

The testimony was in substance that, when the sale was made, McNair had information that the financial condition of Zills, the purchaser, was good. There was nothing said about the vendor's lien, and McNair says he knew nothing about such a lien, and never thought of it in any respect; and made no agreement expressly about it; Zills refused, on request of McNair, to give a mortgage to secure the deferred payment and thereupon McNair agreed to and did take his note, the subject of this suit; that he expected him to pay when it fell due and just took it. Zills testified that he told McNair he would not give a mortgage or second security on the property, but only a note; that he had little children to see after, and could not have them out of a home.

"In such cases, all the facts and circumstances should be considered; and, if it appears that the vendor did not intend to look to the land, but to rely on a substituted, independent, security, or on the personal responsibility of the vendee, the presumption [of a vendor's lien] is rebutted, and the retention of the lien repelled." Jackson v. Stanley, 87 Ala. 270, 6 So. 193, 194; Acree v. Stone, 142 Ala. 156, 37 So. 934; Tedder v. Steele, 70 Ala. 347.

Reliance is had on Campbell v. Goldthwaite, 189 Ala. 1, 66 So. 483. But we see nothing in this case which is here controlling. It asserts the same general principles, and holds that a lien exists as to a balance of the purchase money which was to be paid in bonds, but which were never delivered, leaving that much of the purchase money unpaid and otherwise unsecured. Some of the land was omitted from a mortgage which was given on the balance to secure some of the purchase money.

That he took a mortgage on some of the land to secure some of the purchase was said to evince an intention to preserve the vendor's lien on the balance of the land for the balance of the debt.

Our deduction from the evidence in the instant case is that the vendor was satisfied with the personal responsibility of the purchaser, and, in agreeing to sell without exacting a second mortgage, rather than break up a trade, since the purchaser refused to give a second mortgage, he was willing to accept the personal responsibility of the purchaser. It seems reasonably clear that Zills had reference to any sort of lien or security on the land when he refused to give a mortgage, and that McNair so understood it, though neither of them seemed to know anything about a vendor's lien. McNair says in effect that he was not relying on the land as security more than any other property which Zills might have; since he says he expected to collect the debt out of anything he could get it out of, whether land or something else. We therefore concur in the conclusion that the vendor's lien was waived.

It is also insisted that appellant should have the benefit of a lien because the note was a negotiable instrument, and he was a holder in due course for value without notice that it had been waived.

We assume that he was such a holder and that the instrument was negotiable. The indorsement without recourse has been held not to prevent such a status under the Uniform Negotiable Instruments Law effective in Alabama. 77 A.L.R. 487; 8 Corpus Juris 517; 8 Am.Jur. 101, § 364. In view of sections 9064 and 9078, Code, a feature of that act, the same holding would probably follow in our interpretation of it, though we do not find that it has heretofore been considered by this court. But that question is not necessary to a decision of this case, if we are correct in other respects as here expressed.

Ordinarily the protection which the holder in due course is accorded by the Uniform Negotiable Instruments Law, supra, relates to his right to a personal judgment on the note. But there is also a principle that, when the note is secured by a mortgage, such mortgage follows the note, and is governed by the same rules in respect to the right of the maker to set up equities and defenses against it. Hart v. Adler, 109 Ala. 467, 19 So. 894; Thompson v. Maddux, 117 Ala. 468, 23 So. 157; Birmingham Trust & Savings Co. v. Howell, 202 Ala. 39, 79 So. 377; Fortson v. Bishop, 204 Ala. 524, 86 So. 399; 41 Corpus Juris 693.

Generally speaking the assignee or indorsee of a note given for the purchase money of real estate cannot stand in a better or higher position than the original payee or vendor of the property. Coster's Ex'rs v. Bank of Georgia, 24 Ala. 37; Day v. Galloway, 19 Ala.App. 130, 96 So. 365, certiorari denied Ex parte Galloway, 209 Ala. 469, 96 So. 369; 66 Corpus Juris 1066, § 838.

Those authorities do not expressly refer to the question in connection with the principle of commercial law to which we have referred. Our problem is now to consider it in that connection.

We have mentioned the fact that the note makes no reference to the lien directly or indirectly, nor to the fact that it is for purchase money. A lien was not created by contract. It is a creature of equity if it exists and follows the note only when the circumstances are such as that equity will create it. If those circumstances do not exist the lien has no existence. The fact here shown that when the note was assigned to appellant he was informed that it was a purchase-money note, is not sufficient to create a lien in his hands when it did not exist otherwise on account of the circumstances other than that it was a purchase-money note. Equity does not create a lien as security for every purchase-money note. No lien was here created, so that none passed with the note, when it did not on its face purport so to do, and though appellant was a holder of the note in due course and protected against all defenses to a suit on it.

In this suit he was awarded a personal judgment, but without a lien, since there was no lien. Section 9236, Code, does not add to the rights of appellant on the issues here made, since it only relates to the lien which the vendor himself may have.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.