193 So. 112

PATRICK v. KILGORE et al.

6 Div. 589.

Supreme Court of Alabama.

Jan. 11, 1940.

Norman Gunn, of Jasper, for appellant.

Curtis & Maddox, of Jasper, for appellees.

BOULDIN, Justice.

The bill was filed by appellant, a married woman, to cancel a mortgage upon her real estate upon the ground that it was given to secure her husband's debt.

The mortgage was executed in 1926 to John N. Kilgore, to secure a recited indebtedness of $600.00 evidenced by negotiable promissory note of even date, which, admittedly, was assigned before maturity to Central Bank & Trust Company, which, several years later, failed and its assets passed to the Superintendent of Banks under the State Banking Laws. The litigation is between the mortgagor and the Superintendent of Banks as liquidating agent.

The trial court held the Bank a holder in due course free from defenses as between the original parties.

One point here insisted upon is that the Bank acquired the note and mortgage merely as collateral security for the debt of Kilgore, the payee.

Passing over the agreed fact that the Liability Ledger Sheet in evidence "shows a discount of the mortgage in question to the Bank on September 8th, 1926, which amount was placed to the credit of Kilgore and used by him," we observe that under the Uniform Negotiable Instruments Law in force in Alabama, Code 1923, §

9029 et seq., a negotiation of commercial paper by indorsement before maturity as collateral security, for the debt of the indorser, constitutes the indorsee a holder for value, whether there be any extension of the time of payment or not. Vogler et al. v. Manson, 200 Ala. 351, 76 So. 117; Fortson et al. v. Bishop, 204 Ala. 524, 86 So. 399; Walden v. Warren, 215 Ala. 94, 109 So. 749; Reliance Equipment Co. v. Sherman, 216 Ala. 214, 112 So. 822.

This is in harmony with the construction of this statute generally. Note, 80 A. L.R. 676 et seq.

Complainant's evidence tended to show the consideration of the mortgage was an indebtedness in like amount then owing by the husband to the Bank, that complainant was not indebted to Kilgore, and received nothing from him at the time, and that Kilgore, a director of the Bank, misled her into signing documents showing an indebtedness to him.

It is unnecessary to pass upon the sufficiency of this evidence as between complainant and Kilgore, the payee.

We concur with the trial court in the view that the evidence does not support a finding that the Bank, through its managing officers, was a party to a scheme to obtain security for the husband's debt by indirection, or otherwise had notice of the alleged doings of Kilgore. The burden was on complainant on this issue. The evidence relates merely to what passed between complainant and Kilgore.

That the Bank discounted the paper for Kilgore, placed the amount to his credit, and same was used by him, is inconsistent with the idea that the Bank was acquiring security for the husband's debt.

A married woman cannot invoke the statute, Code, § 8272, against the holder in due course of a negotiable note, secured by mortgage. The mortgage security follows the note, and the holder is protected by the same rules. Birmingham Trust & Savings Co. et al. v. Howell, 202 Ala. 39, 79 So. 377; Davies v. Simpson et al., 201 Ala. 616, 79 So. 48; Scott v. Taul, 115 Ala. 529, 22 So. 447; Fortson v. Bishop, supra.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.