**Robert L. HARDY et al., Plaintiffs,**

v.

**J. C. GISSENDANER, Individually and d/b/a Gissendaner Mortgage Company, and William E. Bell, Defendants.**

**Civ. A. No. 4120–N.**

United States District Court,
M. D. Alabama, N. D.

Jan. 29, 1974.

Morris S. Dees, Jr. and Joseph J. Levin, Jr., Montgomery, Ala., for plaintiffs.

J. Gorman Houston, Jr., Eufaula, Ala., for defendants.

## ORDER

VARNER, District Judge.

This class action brought pursuant to Rule 23, Federal Rules of Civil Procedure, is submitted for final judgment on the stipulated facts. The Plaintiffs bring this action in their own behalf and in behalf of other mortgagors similarly situated, who have been subjected to the alleged repair-mortgage-assignment scheme as set out and discussed more fully in the facts below. Because the Code of Alabama, Title 7A, § 3–305, protects a holder in due course from certain defenses good against other holders, Plaintiffs contend that the said statute unconstitutionally deprives them of their real property without due process of law as guaranteed by the Fourteenth Amendment.

Jurisdiction of this Court is invoked under the Thirteenth Amendment as to the first cause of action and under the Fourteenth Amendment as to the second cause of action and pursuant to 42 United States Code, §§ 1981, 1982, 1988, and 28 United States Code, §§ 1331, 1332, and 1343.

The first cause, alleged to involve a violation of the Thirteenth Amendment,[1] proceeds on the theory that Defendants, by foreclosing on a disproportionate number of black mortgagors, have denied such persons of their rights to hold property on an equal basis as whites. The second cause, alleged to involve a violation of the Fourteenth Amendment, proceeds upon the theory that the State statutes denying certain defenses against a holder in due course, Code of Alabama, Title 7A, § 3–302 et seq.,[2] un-

---

1. Amendment XIII. "Section 1. Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

"Section 2. Congress shall have power to enforce this article by appropriate legislation."

2. "§ 3–305. Rights of a holder in due course.—To the extent that a holder is a

constitutionally deprive Plaintiffs of their property without due process of law. The relief prayed for under the first cause was stricken by amendment, but the allegations thereof remain intact.

## STATEMENT OF FACTS

In May, 1969, Plaintiff, Robert Hardy, contracted with Defendant Bell, whereby Bell, under the terms of said contract, agreed to build a bathroom onto the Plaintiff's house and to install such plumbing needed to aid in the proper functioning of said bathroom. Before Defendant Bell did any work on Plaintiff Hardy's house, he had Hardy execute a $5,519.64 promissory note secured by a mortgage on his house and lot. Subsequently, Defendant Bell assigned the mortgage and note to Defendant Gissendaner, who is admittedly a holder in due course. After assigning the mortgage and note to Defendant Gissendaner, Defendant Bell began installing a bathroom for Plaintiff Hardy. Plaintiff Hardy contends that the work performed was unsatisfactory and that the work was never completed. Bell is unable or unwilling to complete the job. Plaintiff Hardy has refused to make any further payments on the note to Defendant Gissendaner until the work is satisfactorily completed. Defendant Gissendaner has threatened legal action on the mortgage and note unless Hardy continues to pay.

Allegedly, Defendant Gissendaner has on 25 separate occasions purchased mortgages and notes from Defendant Bell, and after the mortgagors refused to pay because of the alleged unsatisfactory work, Defendant Gissendaner has foreclosed or threatened foreclosure.

Two mortgagors, alleged to be members of the class in this cause, brought suit in State Court in Barbour County to enjoin foreclosure proceedings. In each foreclosure proceeding, the State Court held that Defendant Gissendaner was a holder in due course, and, as such, he had a right to foreclose on said mortgages under Code of Alabama, Title 7A, § 3–302 et seq. Plaintiffs thereupon filed this class action, which after final amendment seeks that the Court declare unconstitutional the provisions of Title 7A, Code of Alabama, § 3–302 et seq., insofar as said statutes deny a hearing to debtors on the underlying validity and acceptable performance of the underlying initial contractual obligations, and that the Court grant such other and further relief as justice may require.

Pursuant to an agreement between the parties, this cause has been submitted to this Court on a stipulation of facts filed herein January 11, 1974.

## PROPOSITIONS OF LAW

It is appropriate that this Court note that the proceeding is properly in the jurisdiction of a single judge rather than a three-judge court, Hall v. Garson, 430 F.2d 430 (5 Cir. 1970); Kirksey v. Theilig, 351 F.Supp. 727 (D.C.); Greene v. The First National Exchange Bank of Virginia, 348 F.Supp. 672 (D.C.); Oller v. Bank of America, 342 F.Supp. 21 (D. C.); Adams v. Egley, 338 F.Supp. 614 (D.C.); McCormick v. First National Bank of Miami, 322 F.Supp. 604 (D.C.) on the theory that the relief sought in

---

holder in due course he takes the instrument free from

"(1) all claims to it on the part of any person; and

"(2) all defenses of any party to the instrument with whom the holder has not dealt except

"(a) infancy, to the extent that it is a defense to a simple contract; and

"(b) such other incapacity, or duress, or illegality of the transaction, as renders the obligation of the party a nullity; and

"(c) such misrepresentation as has induced the party to sign the instrument with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms; and

"(d) discharge in insolvency proceedings; and

"(e) any other discharge of which the holder has notice when he takes the instrument."

the present case is against private individuals and not against State officers.

This cause is properly brought as a class action. Adderly v. Wainwright, 46 F.R.D. 97 (D.C.); Cypress v. Newport News Gen'l, etc., Ass'n., 375 F.2d 648, 653 (4 Cir.) Other considerations preclude the necessity of determining whether all Plaintiffs are proper members of that class.

Plaintiffs apparently misconstrue the rights provided by the negotiable instrument law which they seek to invalidate. The rights of a holder in due course, Code of Alabama, Title 7A, § 3–305, rather than depriving the other party of a hearing, contemplate invocation only when there is a hearing. They are rights which may not be invoked until after a suit is filed, notice is given to all parties, and issues are joined.

It may be guessed that the attorneys for the Mortgagors-Plaintiffs contemplated denial of a hearing in that a real property mortgage may be foreclosed and the property sold under the law of the State of Alabama pursuant to an agreement in the mortgage, without the necessity of bringing suit for foreclosure. However, as this Court understand the pleadings, that law is not here under attack.[3]

The Plaintiffs here would go one step further than the *Fuentes* Court and attack a law which would apply whether a mortgage is foreclosed under the powers given in the instrument itself or under the powers of the equity courts. Code of Alabama, Title 47, §§ 164–173.

Plaintiffs would invalidate a statute not directly involved in a seizure without a hearing under color of State law. They would invoke the question of whether the wrong of a third party may be pleaded at a hearing between the mortgagor and the holder of an instrument. It must be remembered that the instruments here in question involve promises by makers of notes and mortgages "to pay to the order of" whomever Mr. Bell assigned the notes and mortgages. These promises, independent of any obligation of Bell, were agreements between the makers and such persons as shall have become the holders in due course of those notes and mortgages.[4]

The protection given a holder in due course is awarded to the holder of a mortgage as well as the note which the mortgage secures. Armour Fertilizer Works v. Zills, 235 Ala. 41, 177 So. 136; Hart v. Adler, 109 Ala. 467, 19 So. 894; Thompson v. Maddux, 117 Ala. 468, 23 So. 157; Birmingham Trust & Savings Co. v. Howell, 202 Ala. 39, 79 So. 377; Fortson v. Bishop, 204 Ala. 524, 86 So. 399. The holder of a mortgage acquires the legal title to the property, subject to being divested thereof by a performance by the maker of his promise to pay the sum owed. For this Court to set aside the holder in due course law would, in the opinion of this Court, effectively deprive the holder in due course of his property without due process of law. This law is, then, "substantively reasonable" under the theory of Mugler v. Kansas, 123 U.S. 623, 8 S.Ct. 273, 31 L.Ed. 205, expounded in Plaintiffs' brief.

There is no extraterritorial jurisdictional question here as in Allgeyer v. State of Louisiana, 165 U.S. 578, 17 S. Ct. 427, 41 L.Ed. 832 nor is there any substantial parallel in this case to the case, Chicago, etc., Ry. Co. v. Minnesota ex rel. Railroad, etc., Comm., 134 U.S. 418, 10 S.Ct. 462, 33 L.Ed. 970. Both of

---

3. Questions of whether the legal power of foreclosure given by those statutes falls within the constitutional prohibition of Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, or whether such power is beyond federal jurisdiction in the light of Baker v. Keeble, 362 F.Supp. 355 (M.D. Ala.1973), and Oller v. Bank of America, supra, are not matters presented within the pleadings as this Court understands them.

4. Mr. Gissendaner went further than was required of a holder in due course; he did not depend purely on the promises in writing of these makers, but he called at least several of the makers and determined that Mr. Bell either had completed his job or was then in process of completing the job and that the jobs were being satisfactorily done.

484

these cases are relied upon heavily by the Plaintiffs.

There is no showing in this case that the State has "in any of its manifestations" become significantly involved in private discriminations associated with enforcement of the statute in question here. See Reitman v. Mulkey, 387 U.S. 369, 378, 87 S.Ct. 1627, 18 L.Ed.2d 830. The statute in this case had its origin in the Law Merchant and was long ago recognized by the Supreme Court of Alabama as being a codification of the common law. Nelson v. Darley, 239 Ala. 87, 194 So. 177, 181.

### JUDGMENT

It is, therefore, the order, judgment and decree of this Court that the Plaintiffs take nothing by their suit and that judgment be, and the same is hereby, entered in favor of the Defendants. It is further

Ordered that the costs of this cause of action be, and the same are hereby, taxed against the Plaintiffs, for which execution may issue.