# Christian v. Christian.

*Application to Sell Personal Property for Division Among Joint Owners.*

1. *Proceedings to sell personalty for division, does not affect the title of strangers.*—Where, in an application to sell personal property for division among joint owners, a party to the proceeding filed his sworn answer setting up title to the property in his wife, who is not made a party nor served with notice, and who does not appear in court, the decree of the court could not divest her of any right or claim she may have had in the property.

2. *Errors cannot be assigned in behalf of stranger.*—A party to a proceeding to sell personalty for division cannot assign errors on appeal as to the rulings of the court affecting the interest of his wife, not a party to the proceeding, and which were not prejudicial to his own individual interest.

APPEAL from Clinton Probate Court.
Tried before Hon. R. M. HONEYCUT.
The case is stated in the opinion.

ROBT. H. KNOX, and SAM'L WILL JOHN, for appellant, cited, *Hillins v. Brinsfield*, 108 Ala. 614-15.

SMITH & DENNIS, *contra*.

COLEMAN, J.—The appellee, Jesse Christian, filed a petition in the probate court, to sell certain personal property for distribution. The petition averred that he and four other persons, who were named, owned the property, each a one-fifth interest. Among those named as part owners was the appellant, W. E. Christian. Service of notice was perfected upon the parties named. W. E. Christian appeared and objected to any further proceeding by the court, and filed a verified answer that all the property mentioned in the petition, except one mule, was the property of his wife, Barbara Christian, and was at that time, and at the time of the filing of the petition, in her exclusive possession and owned and claimed by her, and that he owned no interest in it. Upon the filing of this answer, the petitioner moved the court for leave to amend the petition so as to make Barbara Christian a party, whether as co-petitioner or as defendant does not appear. Leave was granted to amend the petition, but it does not appear that the amendment was in fact made, or that she appeared in court, or that she was served with notice of the proceeding. No other attention seems to have been paid to the answer of W. E. Christian. Depositions were taken as in chancery cases. Conceding that the court had jurisdiction, Barbara Christian, not having been made a party to the proceedings by legal notice in pursuance of the order allowing the amendment, and not appearing in court, the decree of the court could not divest her of any right or claim she may have had in the property. She should have been served with notice.— *Alston v. Alston*, 34 Ala. 15. She can still assert any right she may have had in and to the property, as she may be advised. There was sufficient evidence tending to support the averments of the petition to authorize the decree of sale in accordance with the prayer of the peti-

tion, and none in support of the verified answer of the husband, W. E. Christian cannot be allowed to assign errors as to the rulings of the court affecting the rights of Barbara Christian, his wife, and which were not prejudicial to his own individual interest.

Affirmed.