# Gibson v. Clark, *et al.*

*Statutory Action in Nature of Ejectment.*

[Decided February 13, 1902.]

1. *Constructive notice; endorsement on deed.*—The filing for record in the office of the probate judge of a deed, with the names oᴜ certain parties endorsed on the back thereof as grantor

[Gibson v. Clark, *et al.*]

and grantee, who are not in fact parties thereto, is not constructive notice of a conveyance between such persons, but is constructive notice of a conveyance between those persons who appear in the deed itself as parties thereto. Such endorsement is no part of the deed, nor effectual for any purpose.

2. *Ejectment, evidence in; admission of title in defendant's grantor; constructive notice; endorsement of filing.*—Where plaintiff has admitted that defendant's grantor had title to the land in suit at tne time of a conveyance by him to defendant, evidence that said deed was not in fact recorded on the book and page as certified in the endorsement by the probate judge, but that a conveyance from another person to plaintiffs grantor was there recorded, is immaterial and inadmissible, where there is no question of *bona fide* purchase without notice.

3. *Deed, when inadmissible under complaint.*—Where the land sued for is described in the complaint in an action of ejectment as having been conveyed by *D. B. B.* and wife to a certain person by deed recorded on pages 352 and 353 of a certain book, a conveyance from *A. B. B.* and wife to such person, recorded on pages 353 and 354 of such book, is not admissible.

4. *Husband and wife; mortgage of wife's lands to secure husband's debt; estoppel.*—A mortgage of the wife's lands to secure the husband's debt being absolutely void, under § 2529 of Code, in an action of ejectment against her she is not estopped to deny that the lands conveyed by the mortgage were her husband's lands, by reason of a clause in such mortgage whereby she relinquished her rights of dower and homestead in the land conveyed, or by any other recitals therein.

APPEAL from Dale Circuit Court.

Tried before Hon. A. A. EVANS.

Action in the nature of ejectment brought by John P. Gibson against Margaret E. Clark and another. Plaintiff relied for a recovery upon a mortgage executed by J. J. Clark and wife, Margaret E. Clark, to him, a sale under the mortgage and a purchase by him under said sale. The defendant relied upon a deed from D. B. Blackwell and wife to her, and upon the fact that the mortgage to plaintiff was given to secure the husband's debt. The only reference to Margaret E. Clark was the following clause: "And Margaret E. Clark, wife of said J. J. Clark, of the first part, hereby expressly releases and conveys all rights of dower or

homestead in and to said premises." The deed from
D. B. Blackwell and wife to Margaret E. Clark was
never recorded, although it was filed for record by
J. J. Clark at the same time the deed from A. B. Black-
well and wife was filed for record. The question pro-
pounded to Mrs. Clark, referred to in the opinion, was
as follows: "Was not the endorsement on the deed
from D. B. Blackwell and wife changed from 'D. B.
Blackwell and wife to J. J. Clark' to 'D. B. Blackwell
and wife to M. E. Clark?'" Other material facts ap-
pear in the opinion.

G. L. COMER, for appellant.—(1.) The filing of the
deed endorsed "D. B. Blackwell and wife to J. J. Clark"
was constructive notice that J. J. Clark was the grantee.
10 Ala. 365; 22 Ala. 446; 57 Ala. 80, 84. (2.) De-
fendant was estopped to deny that the land belonged
to her husband.—30 Ala. 390; 65 Ala. 134; 42 Ala. 389;
89 Ala. 414; 109 Ala. 104; 2 Herman on Estoppel and
Res Adjudicata, §§ 1100 *et. seq.;* 4 Am. & Eng. Dec.
in Equity, 222, 362, 371.

SOLLIE & KIRKLAND, *contra,* cited *McIntosh v. Par-
ker,* 82 Ala. 238; *Richardson v. Stephens,* 122 Ala. 301;
*Lee v. Dixon,* 126 Ala. 673; 2 Pars. on Contr. (7th ed.),
800; *Lowell v. Daniels,* 2 Gray, 161.

McCLELLAN. C. J.—The indorsement on the back
of a deed of the names of the parties to it so made as
to indicate which is grantor and which grantee, as "A.
B. to C. D." is no part of the deed nor effectual for any
purpose; and the filing for record in the probate office
of a deed upon which is so indorsed the names of per-
sons as grantor and grantee, or either, who are not
parties to the instrument is not constructive notice of
a conveyance between, or from or to the persons or
person whose names, or name, are thus written on its
back, but is constructice notice of a conveyance be-
tween the parties to the paper as they appear in the
deed itself. Perhaps such an erroneous indorsement
might be used as a false representation as to the par-

[Gibson v. Clark, *et al.*]

ties to the instrument, and thus become evidential of fraud in a proper case; but this is not such a case. And it was, therefore, immaterial what indorsement of names was on the deed from Blackwell and wife to Margaret E. Clark, and whether the name of the grantee as originally indorsed thereon had been changed from "J. J. Clark" to "Margaret E. Clark." The court did not err in refusing to allow the question propounded by plaintiff to Mrs. Clark on this subject.

It was admitted on the trial by plaintiff that at the time of the conveyance by D. B. Blackwell and wife, Mary, to the defendant Margaret E. Clark, said Blackwell had title to the land. The proposed evidence to the effect that this deed to Mrs. Clark was not recorded in Deed Book E, at the pages stated in the certificate of the probate judge written on the back of it, but that instead a deed from A. B. Blackwell and his wife, Mary, to J. J. Clark was there recorded did not tend to show title in J. J. Clark, plaintiff's grantor, nor to impeach the title which confessedly passed by the deed of D. B. Blackwell and wife to Margaret E. Clark. At most it went to show the absence of constructive notice of the deed to Mrs. Clark, and as no question of *bona fide* purchase without notice is made in the case, the evidence was immaterial in that connection.

Nor was the record of that deed admissible to prove the description of the land as laid in the complaint, because it was not the deed which was made a part of that description and it was not the record specified in the complaint. The deed referred to in the complaint was from D. B. Blackwell and wife and it was identified as being on pages 352 and 353 of record book E, whereas the record here offered was of a deed from A. B. Blackwell and wife and it is found on pages 353 and 354 of said book.

The instrument purporting to be a mortgage to Gibson signed by J. J. Clark and Margaret E. Clark was not executed as a mortgage or other conveyance of her title by Mrs. Clark, but she signed it for the expressly limited purpose of relinquishing such dower and homestead rights as it might be supposed she had in the land. Recognizing that Mrs. Clark has not in terms

conveyed or attempted to convey her legal title in and to the premises, plaintiff seeks to have this mortgage held to operate as a conveyance of such title by way of an estoppel rested upon the recitation in the instrument that the land belonged to J. J. Clark, etc., the relinquishment of *dower* implying that the fee was in the husband, etc., etc. The position of plaintiff involved in this effort is untenable. As Mrs. Clark could not execute a valid mortgage on her land to secure her husband's debt, she cannot be estopped by such, or any, recitals of the paper in form a mortgage executed by her husband on her land and which she signed for the purposes stated above, to now deny the ownership of her husband and assert her own title against the grantee in that instrument. To hold her so estopped would be to give efficacy as a conveyance to a mortgage of a third person covering her land in which she joined in a way not involving a conveyance by her, because of mere recitals therein, when a mortgage expressly by and from her would be wholly without the semblance of efficacy, and to do by the most patent indirection that which the statute declares shall not be done "directly or indirectly." A conveyance cannot be raised up by estoppel when a direct conveyance in intent and terms would be utterly void for want of legal capacity in the signatory to make it. "The doctrine of estoppel can go no further than to preclude a party from denying that he has done that which he had the power to do." 2 Par. Contracts, p. 800; *McIntosh v. Parker,* 82 Ala. 238; *Richardson v. Stephens,* 122 Ala. 301.

On the undisputed evidence the legal title to the land in suit passed from Blackwell into Mrs. Clark. She was incapable by conveyance to invest it in Gibson to secure her husband's debt. Her recognition of title as in her husband by her recitals in the mortgage cannot estop her to show her own title. The title was in her at the trial and properly so proved. She was entitled to the affirmative charge.

Affirmed.