(108 So. 742)

**STAPLES et al. v. BARRET et al.**
(1 Div. 407.)

(Supreme Court, of Alabama. May 13, 1926. Rehearing Denied June 10, 1926.) ·

1. **Husband and wife** ⬥171(13)—**Allegations that husband was indebted to bank and that wife conveyed land to bank officer and re ceived option to repurchase for amount of debt held to sufficiently show deed was mort gage for husband's debt.**

Allegations that husband was indebted to bank, that wife conveyed her interest in land to officer of bank and received option to repur chase for amount of debt, *held* to sufficiently show that the deed was in effect a mortgage to secure debt of husband.

2. **Husband and wife** ⬥171(1).

Wife who mortgages her separate property to secure her husband's debt is entitled, as against mortgagee or assigns with notice, to a decree of cancellation.

3. **Husband and' wife** ⬥171(8)—**Where wife's right to avoid mortgage given by her to se cure husband's debt is defeated by mortga-' gee's conveyance of apparent record title, wife may recover either value of land or pro ceeds of sale.**

When wife's right to avoid mortgage in form of deed given by her to secure husband's debt is defeated by mortgagee's conveyance of apparent title, wife may recover either value of land at time of sale or proceeds of sale.

**4. Mortgages ⬤➝226 — If mortgagee conveys land to which he has apparent title so as to defeat redemption, mortgagor may recover, less the amount of the debt, either value of land or proceeds of sale.**

If mortgagee having apparent title conveys the land so as to defeat redemption, mortgagor is entitled to recover, less the amount of the debt unpaid, either value of land at the time of sale or proceeds of sale.

**5. Husband and wife ⬤➝171(8) — Though wife gave mortgage to land in form of deed to secure husband's debt, and mortgagee conveyed land defeating her right in land, neither husband nor wife may recover payments on debt admittedly due.**

Where wife gave mortgage to land in form of deed to secure debt of husband, and mortgagee conveyed land defeating her right in land, *held*, neither husband nor wife have any right to recover payments made by husband on debt admittedly due.

**6. Equity ⬤➝427(3).**

Allegations that wife gave mortgage to secure husband's debt in form of deed, and that mortgagee sold land defeating her rights, followed by general prayer for relief, discloses equity, and special prayer for wrong relief may be disregarded.

**7. Husband and wife ⬤➝171(13).**

Lapse of ten years before seeking to cancel deed as mortgage given to secure husband's debt prima facie shows laches.

**8. Husband and wife ⬤➝171(13).**

In wife's bill to cancel deed on ground that it was mortgage to secure husband's debt, laches is not imputed, where wife has continued in possession.

**9. Mortgages ⬤➝596, 597.**

In bill to redeem from mortgage, laches is not imputed where complainant has continued in possession.

**10. Mortgages ⬤➝608½.**

Right to have deed declared mortgage must ordinarily be asserted within ten years after its execution, but not where mortgagee has recognized deed as mortgage and mortgagor has retained possession of land.

**11. Mortgages ⬤➝596, 597 — In absence of foreclosure, redemption is not lost unless mortgagee holds possession for 10 years after the law day without recognition of equity of redemption.**

In absence of foreclosure, equity of redemption is not lost unless the mortgagee holds possession for 10 years after the law day without recognition of the equity.

**12. Mortgages ⬤➝33(5).**

Where mortgage was in form of absolute deed with option for repurchase within two years, option was tantamount to right to redeem.

**13. Equity ⬤➝148(3) — Bill praying cancellation of mortgage as security given by wife for husband's debt or for redemption of mortgaged land is not demurrable, in view of statute providing bill is not multifarious which seeks alternative or inconsistent relief growing out of same subject-matter (Code 1923, § 6526).**

Bill praying cancellation of mortgage as security given by wife for husband's debt, or in the alternative for redemption of mortgaged land, is not multifarious or demurrable, in view of Code 1923, § 6526, providing that the bill is not multifarious which seeks alternative or inconsistent relief growing out of the same subject-matter.

**14. Mortgages ⬤➝615 — Where wife gave mortgage to secure husband's debt in form of deed, and mortgagee sold land defeating wife's right in it, joinder of husband as complainant with wife renders bill demurrable, as he is entitled to no relief.**

Where wife gave mortgage to secure husband's debt in the form of a deed, and mortgagee sold the land and thereby defeated wife's right of redemption, joinder of the husband as a party complainant with wife renders the bill demurrable, as he is entitled to no relief.

**15. Equity ⬤➝117 — Rule that bill is demurrable if one complainant is entitled to no relief held not changed by statute, which relates only to submissions for final decree on the evidence (Code 1923, § 6645).**

Rule that bill is demurrable if one complainant is entitled to no relief *held* not changed by Code 1923, § 6645, which relates only to submissions for final decree on the evidence.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill in equity by Kate W. Barret and B. T. Barret against A. L. Staples and the National City Bank of Mobile. From the decree, respondents appeal. Reversed, rendered, and remanded.

The bill of complaint as originally filed sought to have a certain deed declared to be a mortgage, and to have it annulled as being a security given by a wife for her husband's debt, or, in the alternative, if the mortgage were held valid, to have an accounting and redemption of the mortgaged land.

The bill shows that the land conveyed (an undivided one-fourth interest in 4,480 acres in Jackson county, Miss.) was the property of complainant, Kate W. Barret; that her husband, complainant B. T. Barret, was indebted to the City Bank & Trust Company of Mobile (which became afterwards the National City Bank, identical with the respondent herein) in the sum of $8,400, this debt being nominally due from Barret Bros. Shipping Company, Inc., owned and controlled by B. T. Barret; that the transaction was in the form of a deed to the respondent A. L. Staples, and officer of the bank, with an op-

tion to Barret Bros. to repurchase for $8,400 and interest, within two years, the deed and option being dated December 29, 1911; that the execution of the option by Staples was guaranteed by the bank, and the option was thereupon assigned by Barret Bros. to Kate W. Barret; and that in July, 1915, Staples conveyed to the bank his interest under complainant's deed, having previously ceased to be an officer of the bank.

The bill alleges "that the said A. L. Staples did not enter into possession of the said land and has not, nor had the said defendant bank, and same remains in the possession of complainant Kate W. Barret"; and also that complainant B. T. Barret had paid on his said debt to the bank enough to reduce it to about $1,300 prior to the filing of this bill.

It is further alleged that in October, 1921, the bank conveyed its interest in the land to one L. V. Pringle by a deed showing a consideration of $4,500, and that Pringle thereupon filed a bill of complaint in the Mississippi court, alleging that he was the owner of an undivided one-fourth interest in the land, and praying for a sale and division among the joint owners made parties, not including complainant Kate W. Barret. As to this the bill avers and charges:

"Complainants are informed, believe, and allege that the said L. V. Pringle did not pay the $4,500 set out as a consideration in the alleged deed from the National City Bank of Mobile to said Pringle, but that said instrument was but a part in a scheme concocted for the purpose of trying to place said matter outside of the jurisdiction of this court, on the part of the said National City Bank and other parties concerned, who are represented by the same counsel as to said land at Pascagoula, Miss., and said suit * * * aforesaid is not in fact the suit of Pringle, but of said National City Bank acting by and through him."

A more detailed statement of the original bill of complaint and the course of the litigation will appear in the report of the case on a former appeal. National City Bank et al. v. Barret et al., ante, p. 35, 106 So. 168.

Following the remandment of the cause, the bill was amended by striking out Pringle as a party respondent, and adding the following allegations:

"Since the filing of the bill of complaint the suit mentioned therein of Pringle v. People's Bank of Mobile et al., filed in the chancery court of Jackson county, Miss., at Pascagoula, Miss., has proceeded to a conclusion and the land described in the bill has been sold. That the complainant Kate W. Barret filed a petition to be allowed to intervene in said cause and set up her rights, but the petition was denied, on the objection of counsel for said Pringle, acting in his behalf. That thereafter a decree was entered in said cause, and the land was sold on the 5th day of February, 1923, in pursuance thereof, said sale being duly confirmed on the 17th day of February, 1923, and the proceeds distributed amongst the complainant and defendants,"

—and by changing the prayer to read as follows:

"Complainants pray that the said National City Bank of Mobile be required to account for all moneys received or retained by it on account of said $8,400, and that a decree against the said bank for the amount so received and 8 per cent. per annum thereon be given complainants, one or both, as the court may determine is equitable and just and is due; that the defendant National City Bank of Mobile be required to file an itemized statement of the same with its answer; that the register of the court be required to state an account as to taxes paid out on said property by Kate W. Barret, complainant, on her behalf; and that the court decree that the said National City Bank of Mobile shall pay to her one-fourth thereof, with interest at 8 per cent. per annum from date of each payment. Complainants pray for general and special relief."

The respondents demurred to the bill of complaint as last amended, on the following grounds, substantially:

(1) For want of equity.

(2) For want of equity, separately, as to each complainant, and, separately, as to each respondent.

(3) It appears that complainants have an adequate remedy at law.

(4) The last amendment is a departure from the original bill.

(5) The bill is multifarious.

(6) It seeks two or more inconsistent remedies.

(7) L. V. Pringle is a necessary party.

(8) The matters presented appear to have been adjudicated adversely to complainants by a competent court of Mississippi.

(9) The suit is barred (a) by laches; (b) by limitations of six years; and (c) by limitations of ten years.

The demurrer was overruled, and the appeal is on the record from that decree.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellants.

Since the complainants seek only a money judgment or decree, their remedy at law is plain and adequate. Pond v. Lockwood, 8 Ala. 669; Russell v. Little, 28 Ala. 160; Harrison v. Deramus, 33 Ala. 463; Gulf Compress Co. v. Harris, 158 Ala. 343, 48 So. 477, 24 L. R. A. (N. S.) 399; Sloss Co. v. Maryland Cas. Co., 167 Ala. 557, 52 So. 751; Brown v. Sheridan, 185 Ala. 122, 64 So. 68. The amended bill is a clear departure from the original bill. Land v. Cowan, 19 Ala. 297; Larkins v. Biddle, 21 Ala. 252; Rumbly v. Stainton, 24 Ala. 712; Harper v. Raisin Fert. Co., 158 Ala. 329, 48 So. 589, 132 Am. St. Rep. 32; Henry v. Tenn. L. S. Co., 164 Ala. 376, 50 So. 1029. The suit is barred by laches. Humphres v. Terrell, 1 Ala. 650; Gunn v. Brantley, 21 Ala. 633; James v.

James, 55 Ala. 525; Fowler v. Ala. I. & S. Co., 164 Ala. 414, 51 So. 393; Code 1923, § 8955. Barret is not entitled to recover; hence the bill is subject to demurrer. James v. James, supra; Taylor v. Robinson, 69 Ala. 269; Daniel v. Daniel, 202 Ala. 635, 81 So. 577. Staples is not a necessary party. Lamkin v. Lovell, 176 Ala. 334, 58 So. 258; Bailey v. Jefferson, 186 Ala. 214, 64 So. 955.

George B. Cleveland, of Mobile, for appellees.

There is no departure in this case, and the remedies sought are equitable. Horst v. Barret, 213 Ala. 173, 104 So. 530. A demurrer for want of equity is not the proper proceeding. Acts 1915, p. 830. B. T. Barret was a proper party. Gerald v. McKenzie, 27 Ala. 166. Even if he were not entitled to recover, this would not defeat the bill. Code 1907, § 3212. Complainants are not guilty of laches. Horst v. Barret, supra.

SOMERVILLE, J. [1, 2] The allegations of the bill of complaint show sufficiently and clearly that the deed of conveyance from the complainant Kate W. Barret to the respondent Staples was in purpose and effect a mortgage, given as security for the debt of B. T. Barret to the respondent bank, and hence that, as against the bank, or its assigns having notice, Mrs. Barret would be entitled to a decree of cancellation. Giddens v. Powell, 108 Ala. 621, 19 So. 21; Douglass v. Moody, 80 Ala. 61; 27 Cyc. 1010, 5.

But since the assignee of the bank, L. V. Pringle, is a resident of Mississippi and beyond the jurisdiction of the court in this case, and since, also, the Mississippi court has sold the land for division among the owners of the legal title, it is clear that the remedy merely by cancellation of Mrs. Barret's deed is not now an adequate means of relief. For the same reasons, assuming that the deed was effective as a mortgage, the remedy by redemption would now be unavailable. In each of the cases stated, the loss of the remedy has resulted from the act of the vendee or mortgagee in disposing of the legal title so as to place it beyond the reach of Mrs. Barret's rights and equities, which were not apparent to a purchaser through the bank.

[3, 4] When a mortgagee thus defeats the equitable right of a mortgagor to redeem the property, "the mortgagee is responsible to the mortgagor for the value of the land conveyed, and not merely for the proceeds of the sale, and * * * the mortgagor may claim the proceeds of the sale or the value of the land at his election." Van Heuvel v. Long, 200 Ala. 27, 75 So. 339; 27 Cyc. 1033, and cases cited in note 84. And the same principle must be applicable when the wife's right to avoid the mortgage has been defeated by the mortgagee's conveyance of his apparent title to a third person.

If the complainant Kate W. Barret is entitled, as averred in the bill, to have her deed declared to be a mortgage, and, as such, invalid entirely because but a security for her husband's debt, then she would be entitled to a decree for the value of her interest in the land at the time it was sold by the bank, or, at her option, for the amount of the proceeds of that sale. In that event, her husband's debt or the balance due on it has nothing to do with the case. If, on the other hand, she should be entitled merely to redemption as a mortgagor, the amount of her recovery would be reduced by the amount of the debt remaining unpaid—that is, the balance due after all payments thereon have been duly credited.

[5, 6] The equity of the bill of complaint, as amended, is fully supported by the case of Van Heuvel v. Long, supra. But the special prayer for relief misconceives the nature of Mrs. Barret's rights in the premises, for neither she nor her husband, B. T. Barret, appear to have any right to recover the payments made by the latter on the debt confessedly due from him to the bank. However, the general prayer is sufficient for relief upon the equities shown by the bill, and the special prayer may be disregarded. Rosenau v. Powell, 173 Ala. 123, 128, 55 So. 789.

[7-9] The bill shows that Mrs. Barret's mortgage deed was executed on December 29, 1911, and the bill was filed on May 9, 1922, more than ten years afterwards. As to its aspect of a bill to cancel the mortgage deed as one of suretyship by a wife, the lapse of ten years before seeking relief would prima facie show laches, and the bill would be subject to demurrer on that ground. But the fault of laches is not imputed to a complainant, who has all the while been in possession of the property with respect to which relief is sought. Fowler v. Ala. I. & S. Co., 164 Ala. 414, 418, 51 So. 393. The allegation of complainant's continued possession of the property after her conveyance of it refutes the demurrer's objection as for laches apparent from the bill.

[10-12] As to the alternative aspect of the bill, as one in the nature of a bill for redemption merely, the same principle applies. Ordinarily, the right to have the deed declared a mortgage must be asserted within ten years after the execution of the deed. Gerson v. Davis, 143 Ala. 381, 39 So. 198. But this is not so where the mortgagee has recognized the deed as a mortgage, and especially where the mortgagor has retained possession of the land. And, in the absence of foreclosure, the equity of redemption is not lost unless the mortgagee hold possession for ten years after the law day without recognition of the equity. Dixon v. Hayes, 171 Ala. 498, 55 So. 164. Here the law day was fixed at two years from the date of the deed by the written contract for repurchase, which was tantamount in equity to a right to re-

deem. As for laches, the demurrer was properly overruled.

[13] Under our recent decisions, giving effect. to section 6526, Code of 1923 (section 8095, Code of 1907), the double aspect of the bill, seeking relief upon inconsistent alternatives, does not. render it multifarious or subject to demurrer. Macke v. Macke, 200 Ala. 260, 76 So. 26.

[14, 15] We think, however, that the bill is demurrable as for misjoinder of parties. The husband, B. T. Barret, had no interest in the subject-matter of the suit, the mortgaged land, and can have none in any recovery under either aspect of the bill. Having no interest to be served or protected, and being entitled to no relief, he is not a proper party complainant to the bill, and his misjoinder in that capacity renders the bill subject to demurrer. Rogers v. Torbut, 58 Ala. 523; Commercial, etc., Ass'n v. Parker, 84 Ala. 298, 4 So. 268; Lehman & Co. v. Greenhut, 88 Ala. 478, 7 So. 299; 21 Corp. Jur. 307; Id. 334, § 329.

This rule has not been changed by section 3212, Code 1907. (now section 6645, Code 1923), which relates only to submissions for final decree on the evidence and does not change the rules of pleading or the limitations upon the joinder of parties complainant when objection to misjoinder is seasonably made by demurrer. See Stewart v. Snider, 197 Ala. 129, 130, 72 So. 409.

We hold that the demurrer as for misjoinder of parties complainant should have been sustained, and for the error of its overruling the decree will be reversed and a decree will be here rendered sustaining that ground of the demurrer.

As to all other grounds, the demurrer was properly overruled.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.