(117 So. 55)

## NATIONAL CITY BANK OF MOBILE v. BARRET. (1 Div. 472.)

Supreme Court of Alabama. March 22, 1928.

Rehearing Denied May 31, 1928.

1. **Husband and wife** ⬳171(8)—**Consideration must be solely by way of security for husband's debt to avoid wife's conveyance.**

To avoid conveyance by wife as having been given as security for her husband's debt, the consideration must be solely by way of security for the husband's debt.

2. **Husband and wife** ⬳171(8)—**Wife's conveyance is avoided only as to items of husband's indebtedness, where they are included with other separate items readily ascertainable.**

Where items of husband's indebtedness are included with other separate items which may be readily ascertained, wife's conveyance is avoided only as to items of husband's indebtedness.

3. **Husband and wife** ⬳171(3)—**That no consideration moved to wife in conveyance as security for husband's debt is not controlling.**

The fact that, in conveyance by wife alleged to have been given as security for husband's debt, no consideration moved to the wife, is not a controlling factor, since she may give away her property as any other person sui juris.

4. **Contracts** ⬳52—**Detriment to promisee is as valid consideration as benefit to promisor.**

Detriment to the promisee is as valid a consideration for a contract as benefit to the promisor.

5. **Husband and wife** ⬳171(3)—**Release of indorsers on husband's notes to such indorsers held valuable consideration for execution by wife of mortgage securing husband's debts.**

Where the material inducement to execution by wife of mortgage in form of a deed as security for husband's debts was the release of certain others as indorsers on notes given to such others by the husband, such release was a valuable consideration for the mortgage.

6. **Husband and wife** ⬳171(8)—**Mortgage executed by wife to secure husband's debts held valid in so far as it was given to release indorsers on notes executed to them by husband.**

Where material inducement to execution by wife of mortgage securing husband's debts was release of indorsers on notes executed by husband to such indorsers, mortgage was valid to the amount of such notes, including attorney's fees.

7. **Judgment** ⬳677—**Partition proceedings in which wife unsuccessfully sought to intervene, but protected her rights through party, held not res judicata in suit by wife for recovery of value of equity of redemption cut-off by action of defendant.**

In suit by wife for recovery in money of value of equity of redemption in mortgage executed by her as security for husband's debts, which equity was cut off by action of defendant in selling it to another, proceedings to partition such lands, in which wife sought to intervene, but was unsuccessful, and thereafter sought to protect her rights through a friendly party to the proceedings, held not to be res judicata and binding on wife.

8. **Judgment** ⬳677—**Where privy enters into litigation or real party in interest conducts litigation in name of nominal party, party in interest is concluded.**

Where a privy enters into a litigation such as further defending title of vendee in suit against latter, or where party to record is only a nominal one, and real party in interest conducts litigation in his name, party in interest is concluded.

9. **Husband and wife** ⬳138(10)—**Husband's participation in agreement to purchase property at partition sale held not to estop wife in action for value of equity of redemption in mortgage executed to secure husband's debts.**

Participation by husband pending confirmation of partition sale in agreement looking to purchase of the property held not to constitute an estoppel against suit by wife to recover in money value of equity of redemption in mortgage executed by her to secure husband's debts, which equity was cut off by action of defendant in selling land to another.

10. **Mortgages** ⬳617—**Valuation of land at $10 per acre held too high, in view of evidence.**

In action by wife for value of equity of redemption in mortgage executed as security for husband's debts, which equity was cut off by defendant's sale of land to another, valuation of land at rate of $10 per acre held too high, in view of its sale at public auction in partition proceedings at $1.71 per acre, there being no evidence of unfairness or want of proper notice of sale, nor of decrease in value preceding sale.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill in equity by Kate W. Barret against the National City Bank of Mobile and another. From a decree for complainant, the

---

named respondent appeals. Reversed and remanded.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellant.

The Alabama law declaring void the contract of a wife, made as surety for her husband's debt, has no extraterritorial operation, and, where bill is filed to set aside such a contract involving lands without the state, it is without equity, unless showing the conveyance was a part of a contract made with reference to Alabama laws. West Point Co. v. Allen, 143 Ala. 547, 39 So. 351, 111 Am. St. Rep. 60, 5 Ann. Cas. 532; People's Bank v. Barret, 216 Ala. 344, 113 So. 389; Horst v. Barret, 213 Ala. 173, 104 So. 530; Lamkin v. Lovell, 176 Ala. 334, 58 So. 258; 12 C. J. 456; 5 R. C. L. 925; Williams v. State, 215 Ala. 546, 112 So. 114; Hook v. First Nat. Bank, 206 Ala. 321, 89 So. 466. In suits for rescission or cancellation, all persons whose rights, interests, or relations with or through the subject-matter would be affected should be brought before the court. People's Bank and Walsh were both necessary parties. Cudd v. Reynolds, 186 Ala. 207, 65 So. 41; Hodge v. Joy, 207 Ala. 198, 92 So. 171; Lunsford v. Marx, 212 Ala. 144, 102 So. 110. A court of equity will resort to a substitute remedy, not inconsistent with the relief originally sought, only when it appears that otherwise an injustice would be done. Staples v. Barret, 214 Ala. 680, 108 So. 742, 46 A. L. R. 1084; Horst v. Barret, supra; Van Heuvel v. Long, 200 Ala. 27, 75 So. 339. The bill is without equity in its aspect to recover from appellant the moneys alleged to have been paid by B. T. Barret on his own indebtedness. National City Bank v. Barret, 214 Ala. 35, 106 So. 168; Staples v. Barret, 214 Ala. 680, 108 So. 742, 46 A. L. R. 1084. All questions eliminated from the bill by amendment are waived. 21 C. J. 532. Each aspect of a bill in equity must make a good bill. Henry v. Tenn. Live Stock Co., 164 Ala. 376, 50 So. 1029; Thompson v. Brown, 200 Ala. 382, 76 So. 298; Lacy v. Fowler, 206 Ala. 679, 91 So. 593. No relief can be granted under the general prayer which is of a nature distinct from and independent of the special relief prayed for. Rosenau v. Powell, 173 Ala. 123, 55 So. 789; Thomason v. Smithson, 7 Port. 144; Strange v. Watson, 11 Ala. 322; Sims Ch. Pr. § 289. Appellee is concluded by the final decree of the Mississippi court, having presented her claim in the Pringle suit through the use of the name of J. M. Walsh. Tarleton v. Johnson, 25 Ala. 300, 60 Am. Dec. 515; Hudson v. Wright, 164 Ala. 298, 51 So. 389, 137 Am. St. Rep. 55; Wilson v. Henderson, 200 Ala. 187, 75 So. 935; Southern Motors Corp. v. Gayle Motor Co., 207 Ala. 358, 92 So. 784; Plumb v. Crane, 123 U. S. 560, 8 S. Ct. 216, 31 L. Ed. 268. A wife may sell or give her property to her husband or to another for his benefit, or may pay his debt or secure a debt for which he is liable, if it is also a debt of her own or that of another. Rollings v. Gunter, 211 Ala. 671, 101 So. 446; Lester v. Jacobs, 212 Ala. 614, 103 So. 682; Street v. Alexander City Bank, 203 Ala. 97, 82 So. 111; Gibson v. Wallace, 147 Ala. 322, 41 So. 960. By withdrawing under agreement her opposition to confirmation of the sale had in the Pringle partition suit, and by subsequently claiming and recovering a part of the proceeds of that sale, appellee has elected to ratify it, and, being bound by that election, it was error to award her a decree for the value of the lands upon the inconsistency that the sale was invalid or the purchase price inadequate. Mobile T. & W. Co. v. Hartwell, 208 Ala. 420, 95 So. 191; Hartsell v. Roberts, 185 Ala. 201, 64 So. 90; Newman v. Morgan, 202 Ala. 606, 81 So. 548; Capital Sec. Co. v. Owen, 196 Ala. 385, 72 So. 8; Alexander v. Mobile Auto Co., 200 Ala. 586, 76 So. 944; 3 Pom. Eq. Juris. (2d Ed.) p. 1914; 5 Pom. p. 4758; 20 C. J. 17.

George B. Cleveland, of Mobile, for appellee.

A bill will be sustained if the facts alleged, whether well or poorly pleaded, show a case of equitable relief. Woodward v. Slater, 173 Ala. 7, 55 So. 506. Appellee is not bound by the decree in the Pringle Case. Moore v. Summerville, 80 Miss. 323, 31 So. 793; Vick v. Vicksburg, 1 How. (Miss.) 379, 31 Am. Dec. 167; Caperton v. Hall, 118 Ala. 265, 24 So. 122; Gayle v. Johnston, 80 Ala. 395; Horst v. Barret, 213 Ala. 173, 104 So. 530. A married woman cannot become surety for her husband, no matter how circuitously it is done. Lampkin v. Lovell, 176 Ala. 334, 58 So. 258; 36 Cyc. 1242; 39 Cyc. 894. Even if appellee had signed a joint note with her husband and secured it by her separate property, the mortgage would have been void. Stribling v. Bank, 48 Ala. 451; McNeil v. Davis, 105 Ala. 657, 17 So. 101. Counsel cites also Staples v. Barret, 214 Ala. 680, 108 So. 742, 46 A. L. R. 1084; National City Bank v. Barret. 214 Ala. 35. 106 So. 168.

BOULDIN, J. This is the third appeal in this cause. A statement of the case appears on first appeal. National City Bank v. Barret, 214 Ala. 35, 106 So. 168.

Confining ourselves to such further statements as deemed proper to present discussion, we observe the suit is in Alabama between parties residing here, growing out of transactions in this state, touching lands located in Mississippi.

The bill is based on allegations that a deed made by Mrs. Kate W. Barret and her husband, B. T. Barret, with option to repurchase taken in the name of Barret Bros. Shipping Company, Inc., and assigned to Mrs. Barret, was, in equity, a mortgage given to secure the debt of the husband. A can-

cellation of the mortgage, if void as claimed, or redemption, if valid, was sought in the alternative. On further allegations that respondent, National City Bank, standing in the shoes of the original grantee, Staples, had conveyed the lands to L. V. Pringle a' resident of Mississippi placing the legal title beyond the jurisdiction of courts of this state, and that Pringle had proceeded to file a partition suit in Mississippi the bill prayed for further relief by way of a return of money alleged to have been paid by complainant's husband on the mortgage debt. Relief of this kind was granted in the first decree. The cause was reversed for failure to set aside a decree pro confesso on sufficient answer and let in respondent to defend, and because the case was not at issue as to Pringle, who had been added by amendment, and had not been served.

After the cause was remanded, a further amendment averred that this complainant had sought to intervene in the Mississippi court, but her petition was denied, on objection of Pringle, and the cause had proceeded to a sale for division and distribution of the proceeds.

The prayer was amended so as to call for an accounting and decree for the return of all sums received on the mortgage debt and for general relief.

The second appeal was from a decree overruling demurrers to the amended bill. Staples. v. Barret, 214 Ala. 680, 108 So. 742, 46 A. L. R. 1084. A fuller outline of facts appears in the report on that appeal. The decision, so far as here pertinent, declared the bill sufficient in its showing that the transaction was a mortgage to secure the husband's debt; that the remedy by cancellation or redemption was shown to be inadequate; that, if proven to be a mortgage to secure the husband's debt, complainant would be entitled to a decree for the value of the land at the time it was sold by the bank, or, at her option, for her portion of the proceeds of the sale, if a valid mortgage, the recovery would be reduced by the amount of the mortgage debt remaining unpaid, or stated differently, the value of her equity of redemption lost to her by the doings of the bank. It was held that in no event was the measure of her recovery the sums paid by the husband on his own indebtedness. B. T. Barret, the husband, was held not a proper party complainant, and the decree was reversed for overruling the demurrer for misjoinder. We adhere to these rulings.

On final hearing upon pleadings and proof, the court below held complainant entitled to recover the value of her one-fourth interest in the 4,480 acres of land, with interest from the date of the deed to Pringle, aggregating $16,309.70, and decreed accordingly.

This decree can stand only on findings of fact as follows: First, that the deed with defeasance in the form of an option to repurchase, was in equity a mortgage; second, that it was void because given solely as security for the husband's debt; third, that respondent bank, the successor and holder, subject to all equities between the original parties, had so placed the legal title as to defeat or so embarrass complainant's remedies as to arm her with the equitable right to call the bank to account for the value of the property. Lamkin v. Lovell, 176 Ala. 334, 58 So. 258; Horst v. Barret, 213 Ala. 173, 104 So. 530; People's Bank v. Barret, 216 Ala. 344, 113 So. 389; National City Bank v. Barret, 214 Ala. 35, 106 So. 168; Staples v. Barret, 214 Ala. 680, 108 So. 742, 46 A. L. R. 1084; Van Heuvel v. Long, 200 Ala. 27, 75 So. 339.

The evidence supports the finding that the deed was a mortgage and the National City Bank occupied the same position as the original grantee. The right of B. T. Barret to pay the debt was fully recognized long after the expiration of the two years named in the option.

Was the mortgage given to secure the debt of the husband? The consideration for the mortgage was evidenced by memorandum attached to the option and offered by complainant, as follows:

#### Memorandum.

| | |
|---|---|
| King notes and interest | $6,675 51 |
| Barret Bros. Co. notes | 1,447 35 |
| Attorney's fees and costs in Barret Bros. and King suits | 300 00 |
| Total | $8,422 86 |

The deed recited a consideration of $6,000 and the option $8,400, with interest.

The "King notes" mentioned in the memorandum were a series of notes executed by Barret Bros. & Co. to W. D. King. They were discounted to a bank, predecessor in title to the National City Bank, and each indorsed "W. D. King" and "W. D. King, Agt." The latter signature was made by W. D. King under general power of attorney from his wife. The written indorsement was in these words: "The undersigned indorsers assume the contract shown by the face of this note."

We accept the version of complainant that "Barret Bros. & Co." was merely the business name then employed by B. T. Barret in his individual business.

B. T. Barret went into bankruptcy. The indorsees sued the Kings as indorsers on these notes. At this stage negotiations were begun, resulting in giving this mortgage on Mrs. Barret's lands, the dismissal of the King suits, the payment by the indorsee bank of the $300 attorney's fees mentioned in the memorandum, and the surrender of the notes. The notes stipulated for payment of attorney's fees.

Without enlarging on the evidence, we are convinced a material, if not controlling, in-

ducement to the giving of the wife's land as security was the release of the Kings as indorsers upon the notes given to W. D. King by B. T. Barret, the husband.

Under our law, a married woman is entirely relieved of the disabilities of coverture, save in a few cases. The husband must, with exceptions, join in the alienation of her lands, and she shall not, directly or indirectly, become surety for the husband's debt. All contracts of the wife must be construed, in view of her general power to contract, as well as the exception. In this day of freedom in the ownership of property and the conduct of business by a married woman, recognition of such freedom in her own interest and in the protection of those who do business with her becomes as imperative as her protection against transactions without her lawful power to contract.

[1] It has often been declared by this court in general terms that to avoid the wife's contract the consideration must be solely by way of security for the husband's debt.

[2] When items of the husband's indebtedness are included with other separate items, which may be readily ascertained, the transaction is avoided only as to items of the husband's indebtedness. In this there is a distinction between contracts avoided because of disability of coverture and those avoided as a whole because a part of the consideration is infested with illegality under general principles of law.

The rule that, to avoid the transaction, the debt must be solely that of the husband, is further illustrated by cases wherein the wife and the husband become joint debtors, even though the husband may receive the proceeds.

[3] Emphasis is laid upon the fact that in this transaction no consideration moved to the wife. This is not a controlling factor. She may give away her property as any other person sui juris; may make a gift to her husband, subject to the rules governing transactions between persons in confidential relations. She can become surety for any one other than her husband.

[4-6] That detriment to the promisee is as valid consideration as benefit to the promisor is fundamental in the law of contracts. To wipe out this rule as to married women would be to rewrite the law of contracts, and make the statute a weapon of fraud. We must hold that the release of the Kings and surrender of the bank's securities against them was a valuable consideration for this mortgage. Lester v. Jacobs, 212 Ala. 614, 103 So. 682; Rollings v. Gunter, 211 Ala. 671, 101 So. 446; Street v. Alexander City Bank, 203 Ala. 97, 82 So. 111; Gibson v. Wallace, 147 Ala. 322, 41 So. 960. To the amount of that indebtedness, including the $300 attorney's fees paid for them, this was a valid mort-

gage upon complainant's own evidence. As to the other item of $1,447.35, the principles already stated will control. It is of no concern that the parties may have believed the law avoided such transactions, or that many incidents in the long history of the case indicate a desire to avoid litigation upon this issue.

The decree of the court below is grounded in error. Complainant's right to relief turns upon the other alternative, the right of redemption. The right to maintain the suit in Alabama for recovery in money of the value of the equity of redemption cut-off by action of the bank has been heretofore declared. Staples v. Barret, 214 Ala. 680, 108 So. 742, 46 A. L. R. 1084. See, also, Clark v. Seagraves, 186 Mass. 430, 71 N. E. 813.

[7] On the whole record, we conclude the partition proceedings in Mississippi are not res adjudicata and binding upon complainant. She was not a party of record in that suit. She sought to intervene therein, and her petition was denied. We have carefully considered the testimony to the effect that counsel representing her through all the years of the pendency of a former suit for like purpose, to which she was a party, continued to represent her after that suit was dismissed, filed her intervention petition in the second suit brought in the name of Pringle, and, failing to get her made a party, sought to set up and protect her rights through Walsh, a friendly party respondent. Walsh was a party in his own right, a tenant in common, and the only questions raised through him went to his own right to defeat the suit because of outstanding interests of complainant, not a party to the suit.

[8] We recognize fully the rule that, where a privy enters into a litigation, such as the vendor defending the title of the vendee in a suit against the latter, or where the party to the record is only a nominal one, and the real party in interest conducts the litigation in his name, the party in interest is concluded. Southern Motors Corp. v. Gayle Motor Co., 207 Ala. 358, 92 So. 784; 1 Freeman on Judgments (5th Ed.) 430, 432.

We think a clear distinction exists where the party has been denied participation in the suit and co-operates with, or undertakes to protect his rights through, another party defending in his own independent right and title.

That complainant was not in position to properly litigate all her rights in the Mississippi court appears in that Pringle there proceeded as the real owner of the property, but it now appears without dispute that he was a mere agent, clothed with the legal title for the purpose of making a sale for the benefit of the respondent bank; Pringle being paid merely for his services and the proceeds of sale going to the Alabama bank.

[9] Nor was there an estoppel against this

complainant because of the agreement participated in by B. T. Barret pending a confirmation of the sale. This agreement looked to the purchase of the property by other joint owners through Lewis, who bid it off. It appears Lewis never put up the money. Barret's position in the transaction was in effect a mere option to come in and become a joint purchaser on putting up one-third of the price and added charges, which he did not elect to do. This was all during the pendency of this suit. Granting that complainant's counsel acquiesced in the arrangement, and so interposed no objection to confirmation, it is to be noted that Walsh, the party through whom such objection would have to be made, had entered into the agreement before counsel was advised thereof.

Wherein respondent bank can complain of an arrangement to confirm a sale it was seeking to have confirmed is not apparent. This complainant having lost her remedy by way of redemption through the courts of Alabama, and left to pursue her remedy for the value thereof, we see no reason why she was not in position to bid at the public sale as other persons. She would thereby assume no position inconsistent with the proceedings in Alabama.

Nor is it material that in the Horst Case, supra, complainant elected to claim her share of the proceeds of the sale. This involved a distinct and separate, but kindred, transaction with other parties for a different interest in this land. She had a right of election in this case as in that, although the basis of recovery, as we have seen, is different.

The controlling question in this case is: What was the value of complainant's equity of redemption in her one-fourth interest in these lands at the time of the conveyance by the National City Bank to L. V. Pringle in 1921? This has never been determined by a decree of the lower court, and the cause will be remanded for further consideration and decree on that issue.

[10] Two inquiries are involved in such issue: First, how much, if any, has been paid on the mortgage debt? The court below has given no expression of views on that question since the evidence was taken. We make no comments upon the weight of the evidence in this regard further than to say it is one of the difficult questions in the case. We are by no means satisfied the means of information touching transactions passing through the banks wherein payments are claimed to have been made have been exhausted. Second, what was the value of complainant's one-fourth interest in the land when deeded to Pringle? The court fixed the value of the lands at the rate of $10 per acre. They sold at public auction in par-

tition proceedings at $1.71 per acre. There is no evidence of unfairness or want of proper notice of sale, nor of a decrease in value during the period of some 18 months intervening before the sale. Prima facie, the disparity of more than five to one between actual value and selling price is too great.

The chance that a scheme of promotion, involving outlays and delays, may result in selling at a given price, is not the test of actual present value. The probability of obtaining such results, and of an increase in value of such lands in the future, are of concern only as they reflect themselves in present values, the net values at which the lands may be sold for cash or its equivalent with reasonable effort and outlay, the area and class of land considered. We are of opinion, on the whole record, the price fixed in the decree is too high, and that question should be again carefully considered.

The decree will be reversed and the cause remanded, with leave to take further evidence as the parties may be advised.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.