(121 So. 910)

### PEOPLE'S BANK et al. v. BARRETT.
### (1 Div. 503.)

Supreme Court of Alabama. Feb. 2, 1929.

Rehearing Denied May 2, 1929.

 

Harry T. Smith & Caffey, of Mobile, for appellants.

George Bowen Cleveland, of Mobile, for appellee.

GARDNER, J. Complainant, a married woman, seeks the avoidance of a conveyance to a one-sixth undivided interest in real estate situated in Mississippi, upon the ground that the deed purporting to convey the separate estate of the wife was intended as a mortgage, and given as security for the debt of the husband in contravention of the statutes of this state. Section 8272, Code of 1923. A general outline of the averments of the bill will be found in the report of the case on appeal from the decree overruling a demurrer thereto (People's Bank v. Barret, 216 Ala. 344, 113 So. 389), and needs no restatement here.

As here appears, the real estate had been sold under a decree of the chancery court in Mississippi for division of the proceeds among joint owners, and respondent People's Bank (complainant's grantee) acquired a one-third undivided interest from the purchaser at said sale.

Among the alternative prayers for relief was one seeking a reconveyance to complainant by the bank of a one-sixth interest in the property, which, by way of dictum, it seems, met the approval of this court on former appeal.

Upon consideration of the cause for final decree on pleadings and proof, the bill in all its material aspects was well established by the proof, and the chancellor, following the language of the opinion on former appeal, rendered a decree granting the special prayer requiring a reconveyance to complainant of said undivided interest in the property.

It is insisted that the dictum on the former appeal is incorrect, and that due account was not taken of former decisions of this court construing the above-noted statutory provision, prohibiting the wife from becoming surety for the husband's debt. Upon due consideration, we are persuaded the point is well taken, and that under the facts as here developed the dictum on former appeal, which was given application by the chancellor, leads to an incorrect result.

As here appears, the People's Bank acquired a one-third undivided interest in the property through the sale for division under the decree of the Mississippi court, which purported to pass all the title, but eliminating from consideration the one-sixth interest claimed by appellee, it is clear, as demonstrated by counsel for appellant and not controverted by opposing counsel, that said bank acquired a good title, free from any claim of appellee, to a 20⁄36 undivided interest.

■ Appellant insists the error in the former opinion as to the question now considered lies in the assumption that the title to an undivided one-sixth interest in the property passed to the bank under the deed made by complainant, and which is here sought to be declared void, while in fact under our decisions no title whatever

passed; that as a result the decree is rendered divesting out of the bank from its $\frac{20}{36}$ good title, an undivided one-sixth interest in the entire property, and investing it in complainant, although complainant still owns the original one-sixth interest, no title passing by her deed. It is without dispute that complainant sought to intervene in the proceedings in the Mississippi court, and have her title there adjudicated, but her petition to that end was denied, and dismissed. She was denied the right to become a party to that proceeding and was not bound thereby. National City Bank v. Barret, 217 Ala. 611, 117 So. 55; Christian v. Christian, 119 Ala. 521, 24 So. 844; Awbrey v. Estes, 216 Ala. 66, 112 So. 529; Lyons v. Hamner, 34 Ala. 197, 4 So. 26, 5 Am. St. Rep. 363; 20 R. C. L. 779.

As to the deed executed by complainant, and here sought to be declared void it is established without serious conflict that it was intended as a mortgage and for the purpose of securing the debts of the husband. As between the parties to such transaction, our decisions, in construing the above-cited statute, have uniformly held such conveyance absolutely void, incapable of ratification, inoperative to divest the title, and that the grantor could successfully recover in ejectment on her previous title. Patterson v. Simpson, 147 Ala. 550, 41 So. 842; Elston v. Comer, 108 Ala. 76, 19 So. 324; Richardson v. Stephens, 122 Ala. 301, 25 So. 39 (modifying in this respect) Richardson v. Stephens, 114 Ala. 238, 21 So. 949; Evans v. Faircloth-Byrd Mercantile Co., 165 Ala. 176, 51 So. 785, 21 Ann. Cas. 1164; Trotter Bros. v. Downs, 200 Ala. 158, 75 So. 906; Gafford v. Speaker, 125 Ala. 498, 27 So. 1003; Rollings v. Gunter, 211 Ala. 671, 101 So. 446; Interstate Trust & Banking Co. v. Nat. Stockyards Nat. Bank, 200 Ala. 424, 76 So. 356; Arnett v. Willoughby, 190 Ala. 530, 67 So. 426; Leath v. Hancock, 210 Ala. 374, 98 So. 274; Lunsford v. Harrison, 131 Ala. 263, 31 So. 24; Landsden v. Bone, 90 Ala. 446, 8 So. 65; Gibson v. Clark, 132 Ala. 370, 31 So. 472; Russell v. Peavy, 131 Ala. 563, 32 So. 492.

Where, however, a portion of the mortgage indebtedness is the joint or several indebtedness of the wife, the mortgage is valid to the extent it secures the payment of her indebtedness, and therefore passes the legal title. Bley v. Lewis, 188 Ala. 535, 66 So. 454.

The rights of innocent purchasers have been considered in the following, among others, of our cases: Scott v. Taul, 115 Ala. 529, 22 So. 447; Davies v. Simpson, 201 Ala. 616, 79 So. 48; Birmingham Trust & Savings Co. v. Howell, 202 Ala. 39, 79 So. 377; Fortson v. Bishop, 204 Ala. 524, 86 So. 399; Morriss v. O'Connor, 206 Ala. 542, 90 So. 304; Smith v. D. Rothschild & Co., 212 Ala. 276, 102 So. 206; Corinth Bank & Trust Co. v. Pride, 201 Ala. 683, 79 So. 255; Hatter v. Quina, 216 Ala. 225, 113 So. 47.

In the instant case, however, all the parties here concerned in any manner had knowledge of complainant's claim and insistence, and it is not pretended the right of any innocent third party is involved, or that of any bona fide purchaser for value. Such being the case, that question is not properly to be here considered, and is pretermitted. The reference in the former opinion to the case of Hatter v. Quina, supra, and quotation therefrom, is to be considered as dictum only. Complainant has litigated with others under facts similar to those here presented, and expressions are found in the opinions on appeal indicating a concession or assumption that the legal title passed. In National City Bank v. Barret, 217 Ala. 611, 117 So. 55, title did pass, as a portion of the debt was that of complainant, and expressions in the same case on former appeal are to be considered with that in view. Staples v. Barret, 214 Ala. 680, 108 So. 742, 46 A. L. R. 1084. So in Horst v. Barret, 213 Ala. 173, 104 So. 530, the opinion proceeds on the theory of a concession by complainant that the legal title passed, and she elected to accept the proceeds of the sale, a distinction which seems to have escaped the notice of the writer of the former opinion, who is also the writer here. The language of the opinion on former appeal, now objected to, was unnecessary to a decision of the grounds of demurrer interposed to the bill, and therefore dictum, and is not to be accepted as indicating a repudiation of the numerous decisions hereinabove cited. To this extent the former opinion in this cause must be modified.

We are therefore of the opinion that, under the facts here established, the conveyance executed by complainant to a one-sixth undivided interest should be declared void, and as having passed no title out of complainant. A decree divesting the bank of such interest, and requiring the execution by it of a deed conveying the same to complainant out of the $\frac{20}{36}$ interest it holds under a good title, would result in an inequality of burden in that the bank is to suffer the entire loss as to the one-sixth interest to the benefit of one Walsh, its joint owner, both having become purchasers from the court proceedings, and further result in giving to complainant an interest in the land in addition to the interest she still retains under the holding that no title passed by her deed. Such a decree would manifestly be inconsistent with the holding that by the conveyance of complainant no title passed, for it assumes complainant's one-sixth interest vested in the bank and should be reinvested in complainant. The usual decree in cases of this character is an adjudication that such conveyance is void, and it is canceled and annulled as a cloud on

complainant's title. We are persuaded this is the extent of the relief which should be granted complainant in the instant case. Such a conveyance being here annulled, and complainant not being in any manner bound by the Mississippi proceedings as hereinbefore disclosed, she may assert her interest in the land in Mississippi free from any such burdens. Adherence to our numerous former decisions in construction of our statute precludes an extension of relief beyond cancellation and removal of the cloud on her title. The trial court very naturally, and we may say very properly under the circumstances, followed the dictum of this court on former appeal, and ordered a conveyance by respondents to complainant of a one-sixth interest in the lands. We conclude this was error, and relief, under the general prayer, should be limited to that of cancellation.

It results that the decree will be reversed and the cause remanded to the court below that decree may be entered in accord with the views herein expressed.

Reversed and remanded.

ANDERSON, C. J., and BROWN and FOSTER, JJ., concur.

BOULDIN, J. (dissenting). No need arises to determine the question as to whether the deed of the wife to secure the husband's debt is void or voidable under the facts of this case.

The deed has been properly canceled at the suit of the wife as against this appellant, the vendee.

The question is, Should the court go further and require the appellant to reconvey to appellee her one-sixth interest in the property?

The argument against this relief is based on the idea that a defective title to the extent of this one-sixth interest passed to the purchasers under partition sale in Mississippi; that this failure of title must be visited on all the purchasers of that sale, and appellant should not be required to reconvey a one-sixth interest because in doing so it must part with a portion of its good title. The clear answer is that this appellant was responsible for the defect of title to the entire one-sixth interest. The burden of loss should not be passed to its copurchaser at the partition sale. This copurchaser is not a party to this suit, and may not be bound by the decree canceling the deed. Hence, further litigation with parties not appearing to be at fault would be required to recover complainant's one-sixth interest in the property. If the copurchaser were before this court, would we not require appellant to pass the one-sixth interest back to appellee, rather than merely cancel and make both purchasers losers?

Do equity, not by halves, is a sound rule. Appellant, being now the holder of one-third interest, and thus in position to restore to appellant a one-sixth interest, should be required to do so; the interest so conveyed standing as and for her one-sixth interest heretofore under cloud by reason of the deed now canceled.

If appellant has any equity against its copurchaser to share the loss, it should assume the burden to assert it. Appellee should have her relief against the party to the illegal conveyance.

SAYRE and THOMAS, JJ., concur in the foregoing view.