163 So. 328

### HEAD et al. v. CARROLL.

8 Div. 651.

Supreme Court of Alabama.

June 13, 1935.

Rehearing Denied Oct. 10, 1935.

Wm. C. Rayburn, of Guntersville, for appellant.

Claud D. Scruggs, of Guntersville, for appellee.

FOSTER, Justice.

This is a suit in equity by appellee to foreclose a mortgage. From the final decree granting relief, respondents appeal, and raise two questions, one of law and one of fact.

They insist that their demurrer to the bill should have been sustained because it does not offer to do equity, and submit to the jurisdiction of the court. But it does not disclose that there is anything in particular which complainant should offer to do as a condition to the relief which he seeks. This is only necessary when it discloses that there is something on his part to be done which in equity ought to be done to entitle him to relief. Davis v. Anderson, 218 Ala. 557, 119 So. 670; Sumners v. Jordan, 220 Ala. 402,

125 So. 642; Shaddix v. National Surety Co., 221 Ala. 268, 128 So. 220; Holman v. Harper, 223 Ala. 100, 134 So. 863; Gill Printing Co. v. Goodman, 224 Ala. 97, 139 So. 250. No such condition appears from the bill.

The only other question argued is one of fact. It is whether Maud E. Head executed the mortgage as surety for the debt of her husband, O. J. Head. She was dead at the time the bill was filed. The admissions in the pleadings and the testimony are that when the mortgage was executed she and her husband were the joint owners of approximately 43 acres of the land included, and that the husband owned the other tract of 44 acres. It also appears from the pleadings and evidence that the amount of the mortgage debt was on that day borrowed from the mortgagee. There was only one witness examined as to the transaction. He was the attorney who drew the mortgage, witnessed its execution, and took the acknowledgments. The papers indicate the existence of a joint debt. The evidence does not show that it was not so in fact. The lender of the money made out his check payable to them both, and they both indorsed it and turned it over to him who had sold the 44 acres to the husband. That circumstance alone is not sufficient to show that she was not a joint borrower of the money. Every other circumstance and the recitals of the papers tend to show a joint debt then and there created.

The burden of proof was on the respondent heirs of the deceased wife to prove to the reasonable satisfaction of the court that she did not become a joint principal debtor with her husband, but become surety for him as the sole principal debtor. National City Bank v. Barret, 217 Ala. 611, 117 So. 55; Davis v. Elba Bank & Trust Co., 216 Ala. 632, 114 So. 211; Chitwood v. Blackwood, 220 Ala. 75, 124 So. 110.

We concur in the finding by the trial court for that it does not appear to our reasonable satisfaction that the mortgage was not as it purports to be, but that it was given solely as surety for the debt of the husband.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.