112 So.2d 455

**Thomas J. BROWN**

v.

**Freda BROWN et al., pro aml.**

**I Div. 802.**

Supreme Court of Alabama.

May 28, 1959.

Scott & Porter, Chatom, for appellant.

Hurst & Williams, Chatom, for appellees.

GOODWYN, Justice.

This is an appeal by the respondent below from a decree of the circuit court of Washington County, in equity, overruling his demurrer to a bill seeking to have an instrument, in the form of a deed, declared a mortgage. The bill also seeks a redemption from the mortgage and an accounting by respondent "of any profits from income received from the use of said land from October 10, 1944 to date."

The bill alleges, in substance, the following: That complainants are the children and sole heirs of J. C. Brown, who died intestate on October 6, 1956; that, on and before October 10, 1944, J. C. Brown was the owner of a ½ interest in certain lands, described in the bill, located in Washington County; that "on or before to-wit: October 10, 1944, J. C. Brown negotiated with Thomas J. Brown to borrow from the said Thomas J. Brown a sum of money for the purpose of building or buying a home in the City of Mobile, Alabama; that Thomas J. Brown did make a loan of the sum of five hundred dollars ($500.00) to J. C. Brown; that to secure said sum of money, J. C. Brown and wife Rita McCall Brown signed an instrument in writing, attached hereto as exhibit A and made a part hereof the same as though copied herein, which instrument is in deed form, but was given to secure the loan of $500.00 from Thomas J. Brown to J. C. Brown; and the said instrument states that, 'It is understood between the parties that grantee agrees to convey the above described interest in the above described lands back to the grantors provided said grantor pay to grantee the sum of $500.00 plus interest at the rate of 6% per annum within the next eighteen months, this agreement to be in force and effect for the next eighteen months'; the parties to said instrument agreed before the time of the signing of said instrument that it was given to secure the said loan of $500.00; that said instrument was duly recorded in the Probate office of Washington County, Alabama, in Deed Book 68, page 359, which said instrument conveyed to Thomas J. Brown, real estate lying in Washington County, Alabama, described as follows:" (Description omitted); that "on to-wit; July 1, 1946 a divorce decree was rendered in favor of Rita Mae McCall Brown against J. C. Brown, which decree provided that J. C. Brown would repay the said money borrowed from Thomas J. Brown for which

said instrument was given to secure; that subsequent to the death of J. C. Brown on October 6, 1956 and prior to the filing of this Bill of Complaint, complainants discovered for the first time that the money borrowed from Thomas J. Brown had not been repaid and complainants verily believe that the debt is due and owing at this time"; that "said instrument attached hereto as exhibit 'A' and given to secure a loan as aforesaid has never been foreclosed, and that your complainants, as the sole heirs at law and next of kin of J. C. Brown, deceased, are entitled to redeem said lands"; that "your complainants verily believe that Thomas J. Brown has received rents and profits from the use of the said lands included in the said instrument given to secure the sum of money borrowed by J. C. Brown and complainants pray that the said Thomas J. Brown be required to render an accounting of such income received from rents and profits from said land." The bill further alleges that on or about June 24, 1957, complainants, by their attorney, served on respondent a written demand for a statement in writing of the debt and all lawful charges claimed by him and that said statement was not furnished by the respondent within the time required by law.

█ █ It is our view that the bill shows on its face that any right to have the deed construed as a mortgage is barred by the statute of limitations of ten years (Code 1940, Tit. 7, § 20); no facts being averred to take the case out of the statute or to excuse the delay in bringing suit. As said in Cousins v. Crawford, 258 Ala. 590, 597, 63 So.2d 670, 676:

"Ordinarily, the right to have a deed declared a mortgage must be asserted within ten years after the execution of the deed. Gerson v. Davis, 143 Ala. 381, 39 So. 198; Staples v. Barret, 214 Ala. 680, 108 So. 742, 46 A.L.R. 1084;

Richter v. Noll, 128 Ala. 198, 30 So. 740. But this is not so where the instrument has been recognized as a mortgage by the parties and the mortgagor has retained possession of the land. Staples v. Barret, supra. See Dixon v. Hayes, 171 Ala. 498, 55 So. 164, and Ammons v. Ammons, 253 Ala. 82, 42 So.2d 776. * * *"

Some of the grounds of the demurrer insisted on take the point that the bill shows on its face that the relief sought (to have the deed declared a mortgage) is barred by the statute of limitations of ten years, Code 1940, Tit. 7, § 20, supra. We are constrained to hold that this insistence is well-taken and that the demurrer should have been sustained.

It is to be noted that the deed was executed on October 10, 1944, and that the right to repurchase expired 18 months thereafter on April 11, 1946. Even if the latter date should be taken as the date of execution it was still more than ten years prior to the death of J. C. Brown on October 6, 1956.

There is no allegation in the bill showing who had possession of the lands after execution of the instrument. However, the allegations concerning the receipt by Thomas J. Brown of rents and profits from use of the land clearly imply that he had possession.

The failure of the bill to aver facts sufficient to take the case out of the statute of limitations or to excuse the delay in bringing suit renders the bill demurrable.

The decree appealed from is due to be reversed. So ordered.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.